HENRY H. IRVINE *vs.* DANIEL STONE & another.

An agreement, which is void in part by the statute of frauds, and good for the residue, will not support a declaration, in which the entire agreement is set out.
A contract for the purchase of coals at Philadelphia, and to pay for the freight of the same to Boston, if void by the statute of frauds, as to the sale, is void also and cannot be enforced as to the freight; though the latter part, if it stood alone, would not be within the statute.

THIS was an action of assumpsit, to recover the price of a cargo of coals, together with the freight of the same, from Philadelphia to Boston, tried before *Wilde*, J., in this court.

The writ contained the common counts for goods sold and delivered, and for money paid to the defendants' use; also a special count, for the sale by the plaintiff, and the purchase by the defendant, of a cargo of coals, at certain prices stated, and on an agreement to pay for the freight of the same, at a certain rate; and, lastly, a count on an account annexed, specifying the prices of the coals, and the money paid for the freight, at the rates and sums mentioned in the special count. The special count was, in substance, as follows: — That the defendants in consideration that the plaintiff would sell and deliver them one cargo of coal, to be shipped on board a vessel at Philadelphia, deliverable at the defendants' wharf in Boston, agreed with the plaintiff to pay him therefor at the rate of $3.69 a ton for the egg coal, and $3.75 a ton for the stove coal, to be contained in said cargo; and also to pay the plaintiff the cost and expense of freight, (the same being payable by the plaintiff in the first instance); that in pursuance of this agreement, the plaintiff shipped on board the Glenway, at Phi-

ladelphia, a cargo of coals containing one hundred and six tons of egg coal, and ninety-six tons of stove coal; which cargo arrived at Boston, and was by the plaintiff delivered and by the defendants accepted, and the expense of the freight on which, $732.25, was paid by the plaintiff; whereby the defendants became liable to pay the plaintiff the price of the coals as aforesaid, and the cost of the freight thereof.

The following facts were stated in the bill of exceptions: —

The defendants, on the 16th of August, 1847, gave the plaintiff, through his agent, a verbal order, for the purchase of the coals in question, at the prices stated above; the defendants to pay, in addition, the freight from Philadelphia to Boston; and the plaintiff sending forward the coals to suit his own convenience.

Some delay having occurred in the execution of the order, the price of freight from Philadelphia to Boston rose from $2 and $2.50, to $3.50 and $4 a ton. The plaintiff's agent consulted the defendants, from time to time, as to the expediency of taking up a vessel at the high rates, and understanding that the order was still in force, and that the defendants were willing to wait, advised his principal to defer shipping the coals, in the hope of a fall in freight. After. the 1st of November, when freights stood at $2.50 and $3, the plaintiff's agent spoke to the defendants about further delay, to which they assented.

The agent, failing to obtain a vessel on satisfactory terms, urged the defendants, about the 20th of November, to charter one for themselves; and they accordingly made some attempts to do so, and offered at the rate of $3 a ton, but were refused, the master, to whom they applied, asking at the rate of $4. A few days afterwards, and just before the close of navigation, the defendants having given no notice of rescinding the order, the plaintiff, on the 24th of November, took up a vessel at Philadelphia, at $3.62½ a ton, and immediately gave the defendants notice of his having done so.

The plaintiff sent forward the bill of lading, which was handed to the defendants by the plaintiff's agent, on the 29th of November, and the defendants then, for the first time, positively declined receiving the coal. When notified by the

43*

agent of the shipment by the plaintiff, the defendants said that they had countermanded the order, or meant to have done so, and that they had done so to others; but nothing was said about notifying the agent not to ship.

The vessel arrived about the 8th of December; and, after a formal tender to the defendants, and a refusal by them, of the cargo, the agent, having subsequently obtained money for the payment of the freight, by pledging the cargo, caused it to be sold at auction, on the 10th of January, and out of the proceeds repaid the advance for freight, amounting to $732.25.

The defendants, in their specification of defence, among other grounds, alleged that the contract was invalid, because not in writing, within the statute of frauds.

The plaintiff, upon this evidence, declined going to the jury upon the question, whether the acts of the defendants amounted to a constructive acceptance of the coal, within the statute of frauds, but desired the presiding judge to instruct the jury, that the plaintiff might recover the price paid for the freight, notwithstanding the defendants were not bound to accept the coals by reason of the contract's not being in writing.

But the judge ruled, that in the absence of a written memorandum or contract, the price of the freight was not separable from the contract for the payment for the coal, and that the defendants were at liberty to repudiate the whole agreement if they saw fit.

A verdict was thereupon returned for the defendants, and the plaintiff excepted.

*G. Bemis*, for the plaintiff, argued that the contract relating to the freight was separable from the contract for the sale of the coals, and therefore that the statute of frauds was no bar to the plaintiff's recovery for the freight, citing 23 Am. Jur. 7; *Kidder* v. *Hunt*, 1 Pick. 328; *Brackett* v. *Evans*, 1 Cush. 79; *Benedict* v. *Beebee*, 11 Johns. 145; *Frear* v. *Hardenburgh*, 5 Johns. 272; *Richards* v. *Allen*, 5 Shep. 296; and that the defendants might be liable for the freight, though of no benefit to them, loss to the plaintiff being a sufficient consideration for the agreement. *Griswold* v. *New York Ins. Co.*, 3 Johns. 321; Abbott on Shipp. 426, 523.

*W. Brigham,* for the defendants.

METCALF, J. It is admitted by the plaintiff's counsel that this action cannot be maintained for the price of the coal, because the contract for the sale of it was not in writing. But he seeks to recover pay for the transportation of it from Philadelphia to Boston; an oral contract for the transportation being valid in law. And the main question in the case is, whether the contract for the coal and for transporting it can be severed, so that the plaintiff can recover for the latter.

The position taken for the plaintiff is, that an agreement which is void in part, by the statute of frauds, is not necessarily void *in toto;* but that another part thereof, which would be valid, if it stood alone, may be held valid, if it can be separated from the part which is void. And this position is not only correct in principle, and conformable to the analogies of the law, but is also sustained by authority. *Mayfield* v. *Wadsley,* 3 Barn. & Cres. 361; *Ex parte Littlejohn,* 3 Mont. Deac. & DeGex, 182; *Wood* v. *Benson,* 2 Crompt. & Jerv. 94; 2 Tyrw. 93. In the latter case, the defendant, Benson, signed a writing, engaging to pay the directors of the Manchester gas-works, or their collector, for all the gas that might be consumed at a certain theatre, during the time it should be occupied by one N., and also to pay for all arrears which were then due. The plaintiff declared specially on this agreement, and added a count for gas sold and delivered. By the English law, the latter part of this agreement was invalid, because no consideration therefor appeared on the writing. But the court sustained the action, on the general count, for the gas that was consumed at the theatre after the making of the agreement. Bayley, B., said, " I take it to be perfectly clear, that an agreement may be void as to one part, and not of necessity void as to the other." " It by no means follows, that because you cannot sustain a contract in the whole, you cannot sustain it in part, provided your declaration be so framed as to meet the proof of that part of the contract which is good."

The three leading cases cited by the defendants' counsel, in the present case, to show that a contract void in part, by the statute of frauds, is void in the whole, are *Lord Lexington* v.

*Clarke*, 2 Vent. 223; *Chater* v. *Beckett*, 7 T. R. 201; and *Thomas* v. *Williams*, 10 Barn. & Cres. 664. All these cases were considered by the court, in *Wood* v. *Benson*, before cited, and were shown to have been rightly decided upon another ground, to wit, that of a variance between the declaration and the evidence. In each of those cases, the declaration stated the entire agreement, including that part of it which was void. Bayley, B., said, " These cases are to be supported on the principle of the failure of proof of the contract stated in the declaration; but they do not establish that, if you can separate the good from the bad, you may not enforce such part of the contract as is good."

The special count, in the present case, sets forth the whole agreement of the parties. Part of that agreement, being within the statute of frauds, is void, and therefore the contract, as alleged, was not proved, and could not be proved. The plaintiff, therefore, cannot recover on that count.

The remaining question is, whether the good part of the contract before us can be separated from the bad, so that the plaintiff can enforce the part which is good, on his general counts. And we are of opinion that, from the nature of the contract, this cannot be done. It is, in its nature, entire. The part which respects the transportation, stands wholly on the other part which respects the sale, and which is invalid; and both must fall together. The transporting of the coal, apart from the sale of it, was of no benefit to the defendants, and could not have been contemplated, by either party, as a thing to be paid for or to be done, except in connection with the sale. The case therefore does not fall within the principle advanced by the counsel for the plaintiff, and sustained by the authorities. The good part of the contract cannot practically be severed from the bad, and separately enforced.

In the case of *Lea* v. *Barber*, 2 Anst. 425, *note*, the defendant made an oral agreement to take an assignment of leasehold premises, to wit, a brick-ground, at one hundred pounds, and to buy the stock, consisting chiefly of half-made bricks, at a valuation to be made by arbitrators. The arbitrators settled the price, but the defendant refused to complete the purchase

An action was brought to recover the price of the stock, the plaintiff admitting that the contract as to the assignment was void by the statute of frauds. But it was held by chief baron McDonald, that the agreement, being in its nature entire, could not be severed; and that, being void as to the land, it was void *in toto*. This decision was made upon the authority of the preceding case of *Cooke* v. *Tombs*, 2 Anst. 420, and obviously proceeded upon the ground that the defendant could not be called on to pay for half-made bricks, which would be of comparatively little value to him, without the brick-ground; in other words, that the nature of the contract was such, that it could not by law be severed, and part of it enforced. The present case is stronger than that, inasmuch as the transportation of the coal was wholly useless to the defendants; whereas the half-made bricks might have been of some value to the defendant in that case.

*Judgment on the verdict for the defendants.*