### TOWN OF WASHINGTON *vs.* TOWN OF KENT.

38  249
73  739

38  249
76  155

The statute relating to the support of paupers (tit. 50, ch. 2, sec. 22) which requires notice to be given to the town to which the pauper belongs, stating the name of the pauper, is not technical in its language, but means simply that definite information as to the person shall be given.

Therefore where such notice described the pauper as the "infant child of *A. P.*," it was held sufficient.

Where also in assumpsit for money paid for the support of paupers, it was claimed that *A.*, the husband and father of the paupers, had acquired a settlement by commorancy in the plaintiff town, and the court charged the jury that, if during his residence there *A.* had been sentenced to state prison for four years and had served the period of his sentence, that during that time he had no property and no domicil in that town, that upon his conviction and sentence his wife returned to live with her parents in that town, and made it her home there, going out to work at various places, and part of the time in the defendant town, the residence of *A.* in that town was interrupted by his term of imprisonment, it was held that such charge was correct.

Town of Washington *v.* Town of Kent.

ASSUMPSIT for money paid for the support of paupers; brought to the Superior Court and tried to the jury before *Granger, J.* The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the charge of the court. The case is sufficiently stated in the opinion.

*Hubbard* and *Andrews*, in support of the motion, cited Gen. Stat., p. 622; *Town of Middletown* v. *Town of Berlin*, 18 Conn., 189; *Town of Salem* v. *Town of Montville*, 33 id., 141; *City of New Haven* v. *Whitney*, 36 id., 373; *Town of Plymouth* v. *Town of Waterbury*, 31 id., 515; *Sage* v. *Hawley*, 16 id., 119; *Grant* v. *Dalliber*, 11 id., 234; *Clark* v. *Whitaker*, 18 id., 549; 1 Kent Com., 76, 77; Story Confl. Laws, §§ 41, 47; *Gardiner* v. *Farmingdale*, 45 Maine, 537; *Town of Abington* v. *Town of Boston*, 4 Mass., 312; *Town of Granby* v. *Town of Amherst*, 7 id., 1; *Jennison* v. *Hapgood*, 10 Pick., 77; *Harvard College* v. *Gore*, 5 id., 370.

*Graves* and *E. W. Seymour*, contra.

PARK, J. We think the notice given in this case by the selectmen of the plaintiff town to the selectmen of the defendant town, describing the paupers in the following manner, " Frances Payne, Anna Payne, and an infant child, wife and children of Arthur Payne, inhabitants of the town of Kent," was sufficient. No objection is made to the description of either of the paupers with the exception of that given of the infant child, and in relation to that the objection consists in the fact that the name of the child was not given. It is claimed that, inasmuch as the statute requires the name to be given, it impliedly excludes any other description, however specific. But in the case of *Middletown* v. *Berlin*, 18 Conn., 189, where one of the paupers was described as the wife of E. H., it was held that the description was sufficient. Judge CHURCH in giving the opinion of the court says: " The name of the wife was in effect communicated; the designation of her as the wife of Hubbard was equivalent to this; it distinguished her from all other persons."

We think the description of the infant child in the case in question is equally specific.   Webster defines an infant to be, " a child in the first period of life, beginning at his birth; a young babe."   It is not pretended that Arthur Payne and Frances Payne had any other children besides Anna Payne and the infant child.   This fact, taken in connection with the fact that the children are described to be the children of Arthur Payne, relieves the case of all doubt in relation to the question to whom the description was intended to apply.   It would seem that no doubt could be entertained, even if Arthur Payne had had other children.   The description of one of them as a young babe would designate that one from all the others. There is nothing technical in the statute.   It means that definite information as to the person shall be given, and that is all that is intended by the language.   We think the description was sufficient, even without the parol evidence which was offered by the plaintiffs.

The remaining question in the case arises from that part of the motion for a new trial which is as follows : " The defendants offered evidence to prove, and claimed that they had proved, that Arthur Payne had accquired a settlement in Washington by commorancy ; that he had resided in that town with his family, and had had his home there, from October 20th, 1855, to the year 1867; that during all that time neither himself or family had become chargeable to any town.     The plaintiffs denied that Arthur Payne had acquired a settlement in Washington by commorancy.   In this part of the case it was proved and admitted, that Arthur was sentenced to the state prison in September, 1858, for a period of four years, and served in prison the full period of the sentence; and the plaintiffs claimed to have proved that during that time he had no property in Washington, and no domicil in that town ; that upon his conviction and sentence his wife returned to live with her parents in that town, and made it her home there, going out to work at various places, and part of the time at Eber W. Tompkins' in the town of Kent, where she worked several months in the year 1859 ; and the plaintiffs

claimed that under these circumstances the residence of Arthur was interrupted by the period of his imprisonment in state prison."

The defendants asked the court to charge the jury " that if they found that Arthur Payne at and prior to the time of his sentence to state prison resided in Washington; that his wife and child continued to reside there during his imprisonment, and that he returned to them there as to his home at the expiration of his term, then the continuance of his residence in Washington was not interrupted by the period of his imprisonment." The court declined to charge the jury as requested by the defendants, and charged the jury that if they found the facts as claimed by the plaintiffs to be true in this part of the case, then in the opinion of the court the residence of said Arthur in said Washington was interrupted by his term of imprisonment. We think the charge of the court is fully sustained by the case of *Reading* v. *Westport*, 19 Conn., 561, and it is unnecessary therefore to enlarge upon this question. See also *King* v. *Inhabitants of St. George The Martyr*, 7 T. R., 466.

A new trial is not advised.

In this opinion the other judges concurred; except SEYMOUR, J., who having been consulted in the case when at the bar did not sit.