INHABITANTS OF TOPSHAM *vs.* INHABITANTS OF LEWISTON.

Sagadahoc. Opinion December 26, 1882.

*Paupers. Residence. Confinement in state prison.*

An imprisonment for five years in the state prison, pursuant to a legal sentence, does not, of itself, interrupt the continuity of the residence of the

prisoner in the town where he had his home, and was supporting his family, when imprisoned.

ON EXCEPTIONS.

An action for pauper supplies, furnished by the plaintiffs to the wife and children of Charles E. Coombs, who derived his settlement from his father, Charles E. Coombs, Senior.

The opinion states the material facts.

*J. W. Spaulding and George D. Parks*, for the plaintiffs, cited: *Greene* v. *Windham*, 13 Maine, 225; *Brewer* v. *Linnæus*, 36 Maine, 430; *Knox* v. *Waldoborough*, 3 Maine, 455; *Gorham* v. *Canton*, 5 Maine, 266; *Richmond* v. *Vassalboro'*, 5 Maine, 396; *Exeter* v. *Brighton*, 15 Maine, 60; *Wayne* v. *Greene*, 21 Maine, 357; *Jefferson* v. *Washington*, 19 Maine, 293; *Brewer* v. *Eddington*, 42 Maine, 549; *North Yarmouth* v. *West Gardiner*, 58 Maine, 207; *Hampden* v. *Levant*, 59 Maine, 557.

*A. K. P. Knowlton*, for the defendants, contended that if Charles E. Coombs, Senior, had begun to gain a settlement in Lewiston prior to his imprisonment, that the imprisonment interrupted his settlement, and that the period of his imprisonment for crime constituted no part of a successive residence, so that he could acquire a legal pauper settlement in Lewiston. *Washington* v. *Kent*, 38 Conn. 249; *Reading* v. *Westport*, 19 Conn. 561.

VIRGIN, J. The case assumes that if the pauper had a settlement in Lewiston, he derived it from his father; and if the father had one there he acquired it by the sixth mode—by "having his home there five successive years without receiving, directly or indirectly, supplies as a pauper." R. S., c. 24, § 1, par. VI; and there is no pretense that he received any supplies as a pauper during the period he resided there.

By their verdict for the plaintiffs, the jury must have found that the pauper's father had an established "home," and not a mere temporary residence, in Lewiston where he resided with his family for a year or two prior to May 11, 1869, when he was committed to the state prison in pursuance of a sentence for five

years; and the correctness of this finding is not challenged by any motion on the part of the defendants. But the question is raised—whether, assuming his "home" to have been in Lewiston, his imprisonment interrupted the continuity of his residence there, his family having continued to reside there during the term of his imprisonment and he having returned to, and resided several months with them there, at and after its expiration. And our opinion is that his absence in prison under the circumstances did not operate as an interruption.

When a residence has once been established by the concurrence of intention and personal presence, continuous personal presence thereafter is not essential to a continuous residence, especially when he whose residence is in question has a family between whom and him the mutual family relations are in full force; for absences of longer or shorter periods for temporary purposes, do not change the established home at which the family continue to reside with the consent of its head. *Knox* v. *Waldoborough*, 3 Maine, 455. The practical general rule that a man's home is where his family is has so few exceptions, that the place of the family's residence is *prima facie* evidence of the husband's. *Greene* v. *Windham*, 13 Maine, 225. And when the home is fixed it continues until it is changed or abandoned, although the acquiring of another is not essential. *Exeter* v. *Brighton*, 15 Maine, 58, But to change the established place of residence of a man having a family in full relations, a departure or absence therefrom with an intention not to return must concur (*Hampden* v. *Levant*, 59 Maine, 557); or departure or absence therefrom without any present intention of ever returning must co-exist. *Bangor* v. *Brewer*, 47 Maine, 97; *Corinth* v. *Bradley*, 51 Maine, 540.

Applying these principles to the case at bar there would seem to be no doubt the home continued, as the father left it, during the term of his confinement in prison, unless the imprisonment *per se*, unlike any other temporary absence, operated an interruption. And we fail to perceive how it can. Imprisonment for a term less than life does not render a prisoner *civiliter mortuus*. R. S., c. 64, § 18. Civil and criminal precepts may be

served on him. R. S., c. 140, § 16. In forming and executing an intention concerning his residence he is certainly in no worse condition than an insane person; and insanity does not prevent a continuous residence of five years from establishing a settlement provided the residence commenced before the insanity. *Auburn* v. *Hebron*, 48 Maine, 332; *Chicopee* v. *Whatley*, 6 Allen, 508. And enlistment and service in the United States army has no such effect. *Brewer* v. *Linnaeus*, 36 Maine, 428,

We are aware that a learned court in another state has come to a different conclusion (*Reading* v. *Westport*, 19 Conn. 561; *Washington* v. *Kent*, 38 Conn. 249); but the reasons given are based upon statutory provisions not found here, and upon principles in conflict with our decisions. But an earlier decision of that court is in accordance with our views, and we close our opinion by quoting from it. In deciding where a prisoner's place of abode was during his imprisonment, the court said: "Was it at Torrington, at the dwelling house where he with his family formerly resided, and where his family with his knowledge and consent had ever since continued to reside? . . Before his imprisonment, his usual place of abode was in Torrington, . . where his family dwelt, and to which as to his home, he returned upon his enlargement from prison. He had never abandoned this as his place of residence; he had left it by constraint. . . The state prison was not the place of his abode; it was his place of punishment; and while there he was absent from home." *Grant* v. *Dalliber*, 11 Conn. 234, 238.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.