THE TOWN OF OLD SAYBROOK *vs.* THE TOWN OF MILFORD.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It cannot be held, as matter of law, that a woman in feeble health, with three young children to maintain, is debarred by statute from receiving aid from the town, merely because she has $10 a month at her command for the support of herself and children.

In an action by one town against another to recover for necessary sup-

plies furnished to a mother and her three young children, it appeared that the plaintiff's selectmen gave the required statutory notice to the defendant, and then, in a postscript, stated that the woman's husband had deserted her, that he was supposed to be in Milford, and that he ought to be arrested and made to support his family. The defendant replied, denying its liability, but offering to do all it could to aid the plaintiff; and stated that as a result of its action the husband had been arrested and had agreed to send his wife $4 per week for six months. The receipt of this letter was acknowledged and from time to time thereafter the plaintiff's selectmen informed the defendant by letter as to the condition of the wife and children and what was being done for their support. *Held* that there was nothing in this correspondence which could in reason or in law be deemed to limit the scope and effect of the original notice.

One item in the plaintiff's bill of particulars was for $3.60 for clothing supplied to the family. *Held* that even if it could be assumed that all of the clothing was for a baby a few weeks old who was born after the statutory notice had been given to the defendant, the case would merely call for the application of the maxim *de minimis non curat lex*.

This court will not find reversible error upon pure assumptions as to what the trial court may have done.

Whether the limitation upon the amount which one town can recover of another for necessary support furnished paupers, under § 2485, extends to and includes the medical treatment required to be provided by § 2478, *quære*.

Whether the limitation of § 2485, to a stated sum per week, is one that applies to each and every week, or permits the amount unexpended in one week to apply to the over-expenditure in another, *quære*.

In a suit to recover the expense of necessary support furnished to a family, the town is not obliged to show precisely what sum was expended for each member, and that such amount did not exceed the statutory limitation. The family may well be treated as a group of persons and dealt with collectively.

Argued October 6th—decided December 18th, 1903.

ACTION to recover for supplies furnished paupers, brought to the Superior Court in Middlesex County where the plaintiff's demurrer to the second defense of the answer was sustained (*Ralph Wheeler, J.*) and the cause was afterwards tried to the court, *Thayer, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

One Collins, having a settlement in the defendant town,

but residing in the plaintiff town with his family consisting of his wife and three small children aged six, five and three years, respectively, on or about December 5th, 1900, deserted his family, leaving them in the plaintiff town poor and unable to support themselves. On or about December 9th they, being in this condition, applied to the plaintiff town for support, and on that date the town began to furnish them with necessary support, which was continued until November 15th, 1901. Within five days after said December 9th, the selectmen of the plaintiff sent by mail to the defendant the written notice outlined in the opinion, and thereupon followed the correspondence also outlined in the opinion. Collins' enforced weekly contributions therein referred to, amounted to $164 in the whole. The plaintiff never informed the defendant of the extent to which it was furnishing support, or of the amount of its bill, until July 8th, 1901, when an itemized account to date was sent. Neither this bill nor any other information in the matter was ever requested. The items on the debit side of the plaintiff's bill of particulars amounted to $371.99. Two credits were given : one the $164 paid by Collins, and the other $42.50 paid by one Pratt, the boarder referred to in the opinion, leaving $165.49 due, for which sum, with interest, the plaintiff claimed to recover.

The other pertinent facts are sufficiently stated in the opinion.

*William B. Stoddard* and *Robert C. Stoddard*, for the appellant (defendant).

*William J. Brennan*, for the appellee (plaintiff).

PRENTICE, J. The reasons of appeal which relate to the action of the court in sustaining the demurrer to portions of the second defense, need not be considered. Upon the trial the defendant was unrestricted in his proof of the facts alleged in such defense, and all the questions of law involved were then passed upon and made grounds of appeal.

The appellant contends that the persons to whom the sup-

port was furnished by the plaintiff were not paupers within the meaning of the statute. The finding expressly negatives this contention. It is found that they were, during the whole period in question, poor and unable to support themselves, and that all that was furnished was necessary.

It is claimed that the facts detailed in the finding show that the court was led to the above conclusions by an erroneous view of the law. The family to which the aid was given consisted of the wife and three small children—the oldest being six years old. The period covered by the bill of particulars is practically ten months. The family was in receipt from the absent husband of $4 a week, the wife—who was in feeble health and delivered of another child at the end of four months—managed to earn fifty cents a week a part of the time, and a boarder—who by reason of Mrs. Collins's ill health was secured by the plaintiff's selectmen to do the heavy work about the house—contributed $2.50 a week for seventeen weeks. This income for the ten months, therefore, did not exceed $226.50. Of this amount, $84.75 was required to pay necessary doctor's and nurse's bills, leaving $131.75. It may be safely assumed that the $2.50 a week received from the boarder represented little profit. The resources of the family available for its support thus became reduced to a scant $100 or less. We are not prepared to say that we have upon our statute books a law so rigid or so harsh that a woman in feeble health, with three small children to house, clothe and feed, who has $10 a month at her command, cannot in these times as a matter of law satisfy the conditions entitling her to share in public beneficence.

It is next claimed, on behalf of the defendant, that the plaintiff neglected to give the required notice, and therefore cannot recover. The notice contained in the plaintiff's letter of December 12th was clearly a sufficient one, as counsel in argument conceded. *Washington* v. *Kent*, 38 Conn. 249; *Windham* v. *Lebanon*, 51 id. 319; *Bethlehem* v. *Watertown*, ibid. 490. It is said, however, that the accompanying postscript and subsequent correspondence operated to limit the

notice and preclude recovery for any expenditure incurred in excess of the husband's forced contributions of $4 a week. The letter of December 12th distinctly notified the defendant that the family of Clinton L. Collins, consisting of the wife and three small children, were in the town on expense, and that the plaintiff would look to the defendant as the town of their settlement for reimbursement "for all legal charges for their support." The postscript gave the defendant information concerning the husband and his desertion of the family and present whereabouts, the names of persons from whom information concerning his settlement could be obtained, a request for advice as to what course should be pursued, and a suggestion that he should be arrested and made to support his family. The defendant replied under date of December 15th, disclaiming knowledge of Collins' residence, and advising the plaintiff that as the result of legal proceedings begun against him he had entered into an agreement to pay $4 a week for six months toward the support of his family. In reply to this letter, plaintiff on the 18th wrote at some length discussing the subject of settlement and the condition in which the family were. In the letter it was said that the writer, the plaintiff's first selectman, had directed the grocer and marketman to furnish supplies not to exceed $4 per week, adding : "Section 3304 of the General Statutes (Rev. 1888) permits us to furnish and collect $3 per week for the mother and $4.50 for the three children." On January 1st, 1901, the plaintiff's first selectman wrote a letter in the course of which he said that he did not know exactly what the charges to date had been, but thought that they did not exceed $8, as the good people of the town, learning of the case, had furnished many supplies. The letter added : "We shall have to supply fuel, and I suppose pay the rent, which is $3 per month. As long as the family have no sickness, I think that $4 per week will maintain them." Here correspondence seems to have terminated until about the middle of June, when the plaintiff wrote, giving information of the birth of a child three weeks before, reminding the defendant of the early expiration of Collins' pledge of

contribution, and asking if an itemized bill of expenses to date was desired. On July 8th, apparently without reply to the letter of June, such bill was sent. Subsequent correspondence was occupied with an attempt on the one hand to enforce, and on the other to escape, payment of the plaintiff's bill, which did not cease to accumulate until November 15th, 1901.

We fail to discover in this correspondence anything which in reason or law can be held to limit the scope and effect of the original notice. Any attempt to give such an effect to the plaintiff's letters, written in the most kindly and informing spirit, or even to the expressions of personal opinion therein, ignores the purpose underlying the statutory requirement of notice, and assumes for them a technical character which they do not and ought not to possess. *Hamden* v. *Bethany*, 43 Conn. 212.

But it is urged that no notice was given of the birth of the baby born on May 23d, until three weeks later, and that no notice such as the statute requires was then or afterwards given that aid was being furnished to it, and as a consequence that the court erred in allowing the plaintiff to recover for supplies furnished to this child.

This claim assumes that supplies were so furnished. The finding does not so state, and we know of no presumption that a new-born child does not, during the first four months of its existence, draw its sustenance from its mother. We know that it needs clothing, but we do not know that the plaintiff had to provide any for it. The bill of particulars indeed discloses that clothing was supplied to the family to the amount of $3.60. If it all went to the child, the record would only disclose a case for the application by us of the maxim *De minimis non curat lex.* We need not pause to state other answers to this too refined claim.

The defendant further claims that the court erred in including in its judgment items for support furnished between December 9th, 1900, and January 14th, 1901, while the complaint only seeks to recover for support furnished after January 14th. We fail to discover in the record any foun-

dation for the assumption here made. The finding indeed states that the plaintiff began to furnish support on or about December 9th. It does not, however, appear that it has sued to recover, or has recovered, for support furnished farther back than January 15th, 1901. That is the date of the first item in the bill of particulars. We know that Collins began his weekly contributions on December 15th. It is quite supposable that these contributions were sufficient to meet the needs of the family until the middle of January, and that therefore no charge was included in the bill of particulars until that date. Such a supposition would go far to explain another claim of error made as to credits. But whether so or not, we are not justified in finding error upon pure assumptions as to what the court may have done.

Objection is made that the court erred in not crediting upon the plaintiff's account $192 as having been paid by Collins under his agreement and its extension, instead of $164, as credited. The court has expressly found that $164 was the total amount of these payments. There is nothing sufficiently found, as to the number of payments made within the time embraced in the bill of particulars, to justify a conclusion upon mathematical calculation that the court committed any mistake, even if that matter, relating to a question of fact, was before us for review.

Included in the bill of particulars is an item of $6 paid to a physician for attendance upon Mrs. Collins during her confinement, another of $30 paid for three weeks nursing upon that occasion, and another of $48.75 paid a physician for fourteen weeks attendance upon the second child at a later period. The defendant claimed that the plaintiff could not recover the whole of these several sums, since thereby the statutory limitation of $3 a week for the mother and $1.50 a week for each child was exceeded.

This claim assumes that the limitation contained in § 2485 of the General Statutes extends not only to the support provided to be furnished by that section, but also to the medical treatment required to be provided by § 2478.

It also assumes that the limitation, which is one as to the rate per week for which there may be recovery, is one which may be applied to dissected partial periods or single weeks, so that the expenditure for no week or selected group of weeks can furnish a basis of recovery in excess of the prescribed sum.

It is unnecessary to discuss the correctness of these assumptions, since the plaintiff and Mrs. Collins were, subsequent to her confinement, in receipt of other income in excess of the amount of the items in question, which came without restriction and which they were at liberty to apply as they pleased. They were free to appropriate these moneys to the payment of doctors and nurses, and to call upon the defendant to reimburse for all other necessities required within the statutory limits. The defendant is asked to pay only $165.49, covering about forty-two weeks of support, being at the rate of scarcely $4 a week, as against the $7.50 permitted by statute to the family, not including the child born on May 23d. It is not in a position to successfully invoke the protection of the statute upon any view of its meaning or application.

The remaining reasons of appeal require only a passing notice. One objects to the judgment, upon the ground that on December 12th, when the notice was sent, the plaintiff was not actually furnishing support to the family. The finding expressly states the contrary. Another objects because no evidence was introduced showing that what was furnished was necessary for the support of the family. The finding is explicit in saying that all that was furnished was necessary. We are not to assume that the court found this fact without evidence. Another objection appears to be indicated, although not clearly stated, to the effect that the plaintiff must fail in its action for the reason that it did not show precisely what in amount was furnished to each member of the family, and that the amount to each did not exceed the statutory limitation. This claim appears to have been wisely abandoned in the brief. Clearly the plaintiff was under no such impossible duty as would thus be im-

posed. It acted as it rightfully might and reasonably must, in treating .the family as a group of persons connected by such ties as justified their being dealt with collectively and not individually.

There is no error.

In this opinion the other judges concurred.