Louis Giamattei et al. *v.* Domenico DiCerbo
Filomena DiCerbo *v.* Louis Giamattei

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 15—decided November 5, 1948

*Benjamin M. Chapnick,* for the appellants (defendant in first case and plaintiff in second).

*Howard A. Jacobs,* with whom was *Israel J. Jacobs,* for the appellees (plaintiffs in first case and defendant in second).

DICKENSON, J. These are companion cases, tried together, in one of which Louis Giamattei, operator of one automobile, and Bridget Giamattei, a passenger in his car, sue Domenico DiCerbo, operator of a second car, for injuries for negligent driving; and in the other Filomena DiCerbo, a passenger in Domenico DiCerbo's car, sues Louis Giamattei for injuries for negligent operation of his car. The trial court rendered a judgment for damages for both plaintiffs in the first action and for the defendant in the second. The DiCerbos have appealed. Errors are assigned in the findings, in a comment by the trial court, and in a ruling on evidence.

Facts in the finding, which is not subject to material correction, are as follows: Blatchley Avenue and Grand Avenue, New Haven, intersect at right angles. Blatchley Avenue runs north and south and Grand Avenue east and west. Blatchley Avenue is sixty-two feet wide between curbs and Grand Avenue forty-two feet wide. The surface of both streets is an asphalt substance. There was a stop sign on the west side of Blatchley Avenue a few feet north of Grand Avenue facing traffic bound south on Blatchley Avenue. On October 30, 1944, about 3 p.m., Giamattei was driving his car east on Grand Avenue with his wife Bridget beside him. The weather was clear and the pavement dry. Giamattei approached the intersection at a speed of fifteen to twenty miles an hour, looked to his right and left for traffic on Blatchley Avenue, saw none near the intersection and proceeded into it to the right of the center line of Grand Avenue. He had reached a point about fifteen feet from the westerly curb line of Blatchley Avenue when the left rear of his car was struck by the front end of the DiCerbo car. DiCerbo had traveled southerly on Blatchley Avenue at a rate of about forty miles an hour, failed to stop at the stop sign, proceeded into the intersection at an excessive rate of speed, applied his brakes, but struck the Giamattei car and overturned it. The trial court could reasonably conclude from these facts that Giamattei was free from negligence contributing to the accident and that the negligence of DiCerbo was the proximate cause of the collision.

The defendant DiCerbo offered in evidence the motor vehicle accident report filed by Giamattei with the commissioner of motor vehicles, claiming particularly that the diagram thereon tended to contradict Giamattei's testimony, and the court admitted the report as an exhibit, saying, "Well, I will allow it, but it does

not mean anything to me because I defy anyone to draw such a diagram so that you could predicate a judgment on it. You can't get them drawn to scale or anything accurate."

It does not appear that the court examined the report before it made the statement. While the statement shows a lack of belief that the diagram would be of any probative worth, we cannot assume that the trial court failed to consider it when it later decided the case. As the DiCerbos point out in their brief, the trier is bound to consider "all the evidence which has been admitted, as far as admissible, for all the purposes for which it was offered and claimed." *State* v. *Suffield & Thompsonville Bridge Co.*, 82 Conn. 460, 465, 74 A. 775. ". . . we are not justified in finding error upon pure assumptions as to what the court may have done." *Old Saybrook* v. *Milford*, 76 Conn. 152, 158, 56 A. 496. We cannot assume that the court's conclusions were reached without due weight having been given to the evidence presented and the facts found. *Meriden Savings Bank* v. *McCormack,* 79 Conn. 260, 266, 64 A. 338. Unless the contrary appears, this court "will assume that the court acted properly." Conn. App. Proc., p. 63. No exception was taken to the statement, nor was it called to the court's attention in what respect it was claimed that the exhibit contradicted the testimony. Reference to the exhibit itself indicates a collision such as Giamattei and his witnesses described except as to the exact position of the cars in the intersection at the time of impact. There was testimony of witnesses as to this. While the statement was unfortunate in its implication, we must assume that the trial court did as it was required to do and considered this exhibit with the other evidence in the case. It could do so and still arrive logically at the conclusions it did.

DiCerbo offered the testimony of a police officer who did not see, but investigated, the accident fifteen or twenty minutes after it had occurred, making observations then and on the following day as to tire marks, debris and the position of the overturned Giamattei car. He was asked by counsel for DiCerbo: "Now after your learning all the facts from these two operators and after your investigation you arrived at a determination of who was at fault in this accident, did you not?" The court sustained an objection to the question. It is sufficient answer to this assignment of error to say that the question was obviously one the court alone could answer, particularly as it required the officer to pass upon the truth of the statements of the parties made to him at the time. *Notarfrancesco v. Smith,* 105 Conn. 49, 52, 134 A. 151; *Lentine v. Mc-Avoy,* 105 Conn. 528, 533, 136 A. 76.

There is no error.

In this opinion the other judges concurred.