[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant commission appeals from the decision of its CT Page 8173 hearing officer in which he found that the defendant company neither discriminated against its employee, Thomas Pandolfi, on the basis of his marital status, nor retaliated against him for opposing a company policy prohibiting marriages between co-workers with certain job classifications.
The complaint alleges that the defendant denied Mr. Pandolfi a promotion and eventually terminated him as a result of his marriage to a co-worker while both were employed in supervisory or management positions.
This appeal is brought pursuant to General Statutes 46a-94a[1]
and 4-183. The limited role of a review court is set forth in subsection (j) of section 4-183 and mandates that the court not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court is required by subsection (j) to affirm the decision of the agency unless the court finds that substantial rights of the appellant have been prejudiced because the decision is; "(1) In violation of constitutional or statutory decisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The appellant claims that the hearing officer erred in the following respects:
1. By not deciding whether the defendant's marital policy violated General Statutes 46a-60(a)(1).[2]
2. By ruling that Mr. Pandolfi must have opposed a discriminatory policy in order to fall within the protection of General Statutes 46a-60(a)(4).[3]
3. By not applying the appropriate legal test for evaluating the evidence as set forth in Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).
4. By admitting into evidence reports of handwriting experts on which the defendant relied in concluding that Mr. Pandolfi had authored offensive materials.
5. By not considering and referring to the testimony of two witnesses in his memorandum of decision.
A reviewing court must examine the record and if the hearing officer's decision is reasonably supported by the CT Page 8174 evidence it must be sustained. Madow v. Muzio, 176 Conn. 374,376 (1978). It is not the function of the court to retry the case. The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken. Harrison v. Commissioner, Department of Income Maintenance, 204 Conn. 672, 680 (1987).
The court examines, as follows, the claims of error in the order set forth above.
1. It is unnecessary for the court to determine the legality of the respondent's marital policy. The hearing officer clearly assumed that this policy violated General Statutes 46a-60(a)(1) for purposes of this case. Whether the hearing officer found the policy to be illegal or assumed it to be illegal, the effect is the same. The assumption obviated the need for the appellant to prove that the marital policy violated46a-60(a)(1). Any negative impact from the assumption was on the respondent not on the appellant.
2. The hearing officer's assumption that the respondent's marital policy was discriminatory again spared the appellant from proving the applicability of 46a-60(a)(4) to this case. This assumption clearly favors the appellant. How such an assumption can be a legitimate claim on appeal is a mystery to this court.
3. The claim that the Hearing Officer misapplied the standard for evaluating "mixed motive" cases as set forth in Price Waterhouse v. Hopkins, supra, is without merit.
In Price Waterhouse, a sex discrimination-in-employment case, brought under Title VII of the Civil Rights Act of 1964, the court ruled that when "a plaintiff . . . proves that her gender played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken the plaintiff's gender into account." 104 L.Ed.2d 268, 293 (1989).
The Hearing Officer correctly stated the Price Waterhouse standard at page 19 of his Memorandum of Decision, as follows:
 "Once a complainant shows that a protected class played a motivating part in the employment decision at the moment it was made, the Respondent may avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed the protected class to play such a role. The employer's burden is deemed an affirmative defense. The Complainant CT Page 8175 must persuade the factfinder that an impermissible consideration was taken into account in the employment decision. The employer must then persuade the finder of fact by a preponderance of the evidence that the decision to terminate would have been made absent any prohibited reasons."
The court cannot second guess the hearing officer as to the credibility of the witnesses who testified at the administrative hearing. His findings and conclusions are clearly and in detail set forth in his memorandum. This court finds that such findings and conclusions are supported by the hearing officer's application of the Price Waterhouse standard of proof to the substantial and competent evidence in the record.
4. The hearing officer did not err in admitting into evidence reports of non-witness handwriting experts on which the respondent relied in concluding that Mr. Pandolfi had authored offensive materials. So long as such evidence is reliable and probative it may be introduced at an administrative hearing. Lawrence v. Kozlowski, 171 Conn. 705, 710 (1976). Hearsay evidence is not prohibited in administrative proceedings by the Uniform Administrative Procedures Act, which permits the introduction of any oral or documentary evidence. (Griffin v. Muzio, 10 Conn. App. 90, 93-94 (1987); cert. denied 203 Conn. 805
(1987). In addition to the reasons stated, these documents are clearly admissible under the rules of evidence as an expression of opinion on which the respondent relied in terminating Mr. Pandolfi's employment. That the hearing officer used such information for this purpose is clearly expressed in his Memorandum of Decision at page 22.
5. A hearing officer in an administrative proceeding need not mention in his memorandum of decision every piece of evidence or name every witness and discuss their testimony. This court cannot assume that the hearing officer's conclusions were reached without due weight having been given to the evidence presented and the facts found. See Giamattei v. DiCerbo, 135 Conn. 159, 162 (1948). The appellant's claim has no merit.
Judgment may enter affirming the decision of the hearing officer and dismissing the appeal.
BARRY, J.
FOOTNOTES