[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S
CT Page 9953 APPLICATION FOR PREJUDGMENT REMEDY
This case raises the issue of whether a decision of a Superior Court judge awarding attorney's fees, on appeal, in and of itself provides a factual basis for a probable cause finding in connection with an application for a prejudgment remedy. There is apparently no Connecticut caselaw on point. Oral argument was held on August 17, 1998. The relevant facts are as follows.
After two court trials and appeals during eight years of litigation, defendant sought $55,301.10 in attorney's fees. In an October 31, 1997, 15-page memorandum of decision. Judge L. Paul Sullivan ruled that defendant was entitled to attorney's fees relating to a portion of the case. Following an evidentiary hearing, pursuant to a March 16, 1998, memorandum of decision, Judge Sullivan granted defendant's motion for attorney's fees in an amount of $19,413.50, and ordered that judgment be entered in that amount. Plaintiff and defendant have both appealed that ruling.
Defendant now seeks a prejudgment remedy in the amount of $30,000 — $19,413.50 for the judgment amount awarded to the defendant by Judge Sullivan; $539.00 representing 10 percent interest from March 16, 1998, the date of Judge Sullivan's memorandum to June 26, 1998, the date of the application $1,941.35 for prejudgment remedy interest for one year on $19,413.50; and $7,500 for estimated costs and attorney's fees to defend the appeal.
Plaintiff objects to defendant's request. See Plaintiff's Objection to Defendant's Application for Prejudgment Remedy, dated August 12, 1998. Plaintiff argues that, given the contentious history of this case, defendant is unable to meet her burden of demonstrating a bona fide belief in the existence of facts essential under the law for the action such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Three S. Development Co.v. Santore, 193 Conn. 174, 175 (1984). The result reached by Judge Sullivan in his ruling must be evaluated by the undersigned judge, plaintiff argues, before a ruling can be rendered. Plaintiff also objects to the amount sought as unreasonably high, and specifically argues that the request for interest ought to be denied because the funds at issue have not been wrongfully CT Page 9954 detained by the defendant.
Plaintiff's argument with respect to defendant's claim for a prejudgment remedy in the amount of $19,413.50 is unpersuasive. To establish probable cause, a moving party need only show the "probable validity" of his claim. Probable cause must exist as to both the merits and damages; however, at the probable cause stage, it is not necessary to prove the case by a fair preponderance of the evidence. McCahill v. Town CountryAssociates. Ltd., 185 Conn. 37, 39 (1981); Section 52-278d(a). A prejudgment remedy "is available to a party who has won at the trial level and whose case is on appeal." Brookfield v.Greenridge, Inc., 35 Conn. Sup. 49, 52 (Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 145736 (Nov. 4, 1977).
In this case, Judge Sullivan's ruling provides the factual basis for a finding of probable cause in the amount of $19,413.50. That is, the fact of the decision itself, notwithstanding that it is being appealed, provides a bona fide basis to believe in the facts essential to support defendant's claim. Three S.Development Co., supra. It is true, of course, that that decision, like any decision rendered by a Superior Court judge, may be reversed on appeal. But the possibility of reversal in the future does not alter the present reality that a ruling has been made and judgment entered in connection with it.
Until such time, if any, as it is overturned, a decision of a Superior Court judge ought to be presumed to be sufficiently valid to provide the basis for a probable cause finding. As our Supreme Court stated in Rosenblit v. Danaher, 206 Conn. 125, 134
(1988):
"It is important to recognize that a claim of error cannot be predicted on an assumption that the trial court acted incorrectly." Barra v. Ridgefield Card Gift Gallery, Ltd. 194 Conn. 400, 407, 480 A.2d 552 (1984); Giammattei v. DiCerbo, 135 Conn. 159, 162, 62 A.2d 519 (1948). Rather, we are entitled to assume, unless it appears to the contrary, that the trial court, M. Hennessey, J., acted properly, including considering the applicable legal principles. See State v. One 1977 Buick Automobile, 196 Conn. 471, 481, 493 A.2d 874 (1985); Barra v. Ridgefield Card Gift Gallery, Ltd., supra, 407-408. Indeed, only recently have we said that "as to CT Page 9955 judges and courts, under the law of evidence, `it is presumed, unless the contrary appears, that judicial acts and duties have been duly and regularly performed, the presumption of regularity attending the acts of public officers being applicable to judges and courts and their officers. . .' The general rule that a judgment, rendered by a court with jurisdiction, is presumed to valid and not clearly erroneous until so demonstrated raises a presumption that the rendering court acted only after due consideration, in conformity with the law and in accordance with its duty." (Citations omitted.) Brookfield v. Candlewood Shores Estates. Inc., 201 Conn. 1, 6-7, 513 A.2d 1218 (1986); W. Maltbie, Connecticut Appellate Procedure § 311. (Emphasis added.)
Plaintiff's argument that this court should independently review Judge Sullivan's decision is not convincing. That is a job for the appellate courts.
However, defendant's request for additional amounts relating to interest, and estimated attorney's fees to defend the appeal, is denied. The awarding of interest is, as plaintiff points out, typically viewed as an equitable matter lying within the discretion of the court, H.B. Toms Tree Surgery, Inc. v. Brant,187 Conn. 343, 348 (1982), and usually turns on whether a party has wrongfully detained damages due to an adversary. Cecio Bros.,Inc. v. Feldman, 161 Conn. 265, 275 (1971). Given the history of this case, and the fact that another appeal is in progress. I conclude that including an amount for interest in the prejudgment remedy is not appropriate.
The same is true with respect to the claim for $7,500 for estimated costs and attorney's fees to defend and prosecute the appeal. There is no persuasive basis for the court to make this estimate a part of its ruling on the prejudgment remedy application. The fact that defendant has to date twice prevailed on appeals in this case, while noteworthy, does not establish a probable cause basis to conclude that defendant will prevail again, or that defendant will be entitled to recover attorney's fees and costs in connection with the appeal.
In conclusion, the court grants defendant's application for a prejudgment remedy in the amount of $19,413.50 based on Judge Sullivan's ruling, and may attach to that value the interest of Jacques All Trades Corporation in any and all property, real or personal, which the plaintiff owns, such property to be disclosed CT Page 9956 by plaintiff or its representative under oath.
Douglas S. Lavine Judge, Superior Court