WEST AND OTHERS *vs.* TOLLAND.

A petition for a highway may be withdrawn, after the commissioners to whom
   it has been referred have verbally announced to the parties, that they are of
   opinion, that public convenience and necessity do not require such highway
   to be laid out

THIS was a petition for a highway, brought by certain in-
habitants of the towns of Tolland and Ellington.   At the
term of the county court holden in March, 1855, a decree
was passed that the petition should be heard and determined
by the county commissioners.   After giving the prescribed
notice, a trial was had, and the commissioners having heard
the parties with their witnesses and counsel were of opinion
that public convenience and necessity did not require the
road prayed for to be laid out.   On the 28th day of June, 1855,
to which time said trial had been adjourned, the commission-
ers publicly notified the parties and their counsel, that their
decision was as stated above, and thereupon adjourned the
trial without day.   On the 29th day of June, the petitioners,
in vacation, filed with the clerk of said court a notice, that
said petition was withdrawn by them, although at the time,
they well knew what the decision of the commissioners was.
The petitioners also then notified the counsel for the respond-
ents and said commissioners that they had withdrawn the
petition.

The clerk of the court made an entry on the docket that
the petition was withdrawn.

The commissioners subsequently made their report in
writing.

At the term of the superior court holden in September,
1855, the respondents filed a motion that said entry of with-
drawal might be erased, and they be permitted to present the
report of said commissioners to the court for acceptance.

The court found the foregoing facts to be true, and also
found that all the steps for a withdrawal of said cause re-
quired by the statute, had been taken after the decision of
the commissioners was announced, and reserved for the ad-

vice of this court, the question whether said petition was legally withdrawn, and whether the respondents were entitled to have the entry of withdrawal erased, and the report of the commissioners received and accepted.

*Hyde,* in support of the motion.

1. A party will not be allowed to withdraw a case after a jury have declared their verdict and before it is accepted by the court.

County commissioners are the only tribunal to hear and decide as to the necessity and expediency of laying out highways. Rev. Stat., p. 422.

Any cause which would authorise a court to reject a report of county commissioners would authorize the court to grant a new trial after verdict of a jury.

When commissioners announce their decision, it is as fully a decision of the cause as when a jury have declared their verdict, and there is no reason why the suit should be allowed to be withdrawn in the one case and not in the other. *M' Curdy* v. *Mather,* Kirby, 273.

2. When a matter has once been fairly heard, and decided before a proper tribunal, justice demands that it should not be litigated anew. If the hearing was not an impartial one a new trial can be had.

3. The withdrawal in the case, prevents the decision of the commissioners, which had been made and announced, from becoming a matter of record and thus made final.

4. The statute allowing causes to be withdrawn is intended to extend to those cases only which may be withdrawn in court.

*Loomis,* against the motion.

The announcement by the county commissioners of their opinion, as stated in this case, could not prevent the withdrawal of the petition.

1. By the statute for the regulation of civil actions, tit. 1, secs. 53, 54, the right of the plaintiff in any action or suit at law, or in equity, to withdraw such action or suit in vacation

is expressly conferred, and as the exercise of such right under the statute, is subject to no limitation, or exception, and as the clerk is bound by the *law* (without awaiting the order of the court) to enter the withdrawal on the docket, it seems that it was not intended to make the right to withdraw, subject at all to the discretion of the court, or to give any right to erase the entry so made by the clerk.

2. But if the statute referred to should be so construed as to confer on the plaintiff in vacation, only such rights as he previously had of withdrawing his action in court, then we claim, that the rules of law and the practice respecting the withdrawal of cases in court, will sustain the plaintiffs in their claim in the present case. The evident object of all statutes and decisions relating to the matter, is to give the *plaintiff* a *certain time* within which he can withdraw his action, (or suffer a non-suit.) In jury trials this time is in most states, either before the verdict is *returned* into court or before it is *read* by the clerk. *Dove* v. *Hanks*, 3 McCord, 559. *Wooster* v. *Burr*, 2 Wend., 295. 3 Bl. Com., 376.

The case of *M' Curdy* v. *Mather*, Kirby, 273, which is relied upon by the defendant, is unlike the one under consideration. There was there a trial before the court, at the conclusion of which the judge announced his decision and directed the clerk to minute it, and all this was done before the petitioner asked leave to withdraw; but the court in giving the opinion, referred to cases more analogous to the one under consideration, that is, to cases depending upon some report to be rendered in court, and recognized the rule that we claim. Now this decision so far as it is applicable to the present case, seems to admit the right to withdraw at any time before the report is returned into court. So under the statute, p. 66, section 52, it is not uncommon in practice to withdraw cases just before the verdict is read by the clerk.

° 3. In the case under consideration there was no legal and binding decision by the county commissioners. The duty as defined by the statute, is " to make report in writing of their doings to the court." But at the time the present action was

withdrawn, there was no report in existence, nothing in writing, and nothing addressed to or intended for the court. It is no part of the duty of commissioners to notify the parties of their opinion, and any opinion or decision announced to the parties is wholly unauthorized, and consequently can confer no legal rights on the party in whose favor such opinion or announcement is made. The commissioners themselves in such case, would have the right to alter such decision, and make out such report in writing to the court, as to them might seem proper.

ELLSWORTH, J. The single question presented in this case is, whether the plaintiffs had a right to withdraw their petition, after a verbal communication by the county commissioners, that they were of opinion, and so decided, that the highway prayed for was not of public convenience and necessity. We think they had. The case was still undecided by the commissioners, in the eye of the law, and it remained so until the commissioners had drawn up and signed the report and presented it to the court, or the clerk of the court, to which it is returnable, or at least to the parties or their counsel; until this was done, they could not be said to have put their decision into legal form, or to have divested themselves of power to deliberate further, and change their opinion if they saw fit, upon giving notice to the parties. Somewhere there must be a point, to distinguish between mere opinion or purpose, and a fixed and unalterable judgment. Where is this point, in the doings of commissioners, whose report becomes a part of the records of the court? We think their report alone can speak their official acts, and therefore to that only can we look to know what those acts are. We are satisfied that nothing short of this will answer the requisites of the law, and that until they have finished and signed the report, they have not divested themselves of power to act in the premises, as they may have occasion. The same is true of auditors, committees in chancery and jurors. In the case of the latter, it has often been ruled on the circuit, that the plaintiff may suffer a nonsuit at any time

before the verdict is placed in the hands of the clerk. Up to that moment any juror may withdraw his assent to the verdict, and the panel may destroy it or modify it as they please.

We are therefore of opinion that the petition was legally withdrawn, and that the respondents are not entitled to have the entry of withdrawal erased, or the report of the commissioners accepted, and so advise the superior court.

In this opinion, the other judges, STORRS and HINMAN, concurred.