WILLIAM LONG ET AL. *v.* EDWARD P. LOUGHLIN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 9—decision released July 13, 1976

*Edward W. Hebb,* with whom, on the brief, was *Daniel H. Kennedy, Jr.,* for the appellants (plaintiffs).

*Patrick J. Flaherty,* for the appellee (defendant).

PER CURIAM. The plaintiffs brought this action claiming damages alleged to have been caused to them by what they pleaded was the negligence of the defendant attorney in representing them in a civil suit arising out of a motor vehicle accident. The defendant answered by a denial of the essential allegations of the plaintiffs' complaint and by way of a special defense. The case was tried to a jury which returned a verdict for the defendant. The plaintiffs moved to set aside the verdict as contrary to law and against the evidence. The court denied this motion, noting in its memorandum of decision on the motion that "the jury could reasonably have found, before any alleged negligence occurred, that the defendant notified the Longs that he was withdrawing as their attorney and did in fact withdraw." The plaintiffs brought the present appeal from the judgment rendered on the verdict.

It is impossible for this court to determine the merits, if any, of the plaintiffs' appeal. The appeal

appears to be predicated on claimed errors in the court's charge to the jury and rulings of the court concerning the exclusion of evidence. The plaintiffs, however, have made no apparent attempt to comply with the basic rules of appellate procedure in order to present to this court a record of what transpired in the trial court so that it can be determined whether there was any error. Practice Book § 631A (c) (2) requires that in appeals in jury cases when error is claimed in the charge to the jury "the brief shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. Evidence relevant to such claimed error shall be printed in narrative form with appropriate references to the page or pages of the transcript." The plaintiffs' brief contains neither. The same rule also provides in § 631A (c) (3) with respect to evidential rulings that the brief shall include "the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception" and that "[t]he statement of rulings in the brief shall include appropriate references to the page or pages of the transcript." The plaintiffs' brief contains none of this essential and required information. No transcript of the relevant trial proceedings was filed and, in fact, it was admitted at the hearing on this appeal that none was ordered from the court reported. See Practice Book § 608A.

In the absence of the necessary portions of the transcript of the trial, any attempt by this court to review the court's charge to the jury and rulings on evidence is impossible. "There is no presumption of error in the trial of a case." *State* v. *Nash,*

149 Conn. 655, 659, 183 A.2d 275, cert. denied, 371 U.S. 868, 83 S. Ct. 130, 9 L. Ed. 2d 104. We find nothing to substantiate the plaintiffs' claims of error.

There is no error.