S. Vernon Spears et al. *v.* Kerars Realty Company, Inc.

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued May 4—decision released September 28, 1976

*John J. Graubard,* with whom, on the brief, was *Sydney C. Kweskin,* for the appellants (plaintiffs).

*Isadore M. Mackler,* with whom, on the brief, was *Leo Gold,* for the appellee (defendant).

LONGO, J.  The plaintiffs have appealed from a judgment of the Superior Court accepting an appraiser's report and ordering the sale of their shares in the defendant corporation to other shareholders for the appraised value.  The principal issue, and the only one which we need consider, is whether the court erred in denying the plaintiffs' withdrawal of their action.

A brief summary of the procedural history of the case will serve to place the claim of the plaintiffs in context.  In August, 1968, the plaintiffs, who are directors and two of the eight shareholders of the defendant corporation, petitioned the Superior Court pursuant to § 33-382 of the General Statutes for a wind up of the affairs of the corporation.  The six other shareholders (hereinafter referred to as the shareholders)[1] responded on April 18, 1969, with an application for the appointment by the court, pursuant to § 33-384 (b), of an appraiser to determine the fair value of the plaintiffs' shares

[1] Although the corporation is the named defendant, in reality the adverse parties are the plaintiffs, who seek a dissolution of the corporation, and the six other shareholders, who seek to purchase the plaintiffs' shares and continue the corporation's existence.

of the corporation's stock. It does not appear of record that this application was ever acted upon. In June, 1973, the shareholders filed with the court a copy of a report by Bennett B. Kirk, a real estate appraiser, determining the value of the real estate owned by the corporation.[2] The shareholders simultaneously filed an election to purchase the plaintiffs' shares at a price computed by reference to Kirk's report, and a motion for an order directing the plaintiffs to sell at that price, all in accordance with the provisions of § 33-384. The plaintiffs, on June 7, 1973, then withdrew their petition for a winding up, and the shareholders objected. The shareholders subsequently moved to correct the record to reflect the appointment, on September 12, 1972, of Kirk as appraiser. In June, 1974, the court sustained the shareholders' objection to the plaintiffs' withdrawal, granted the motion to correct the record, accepted the appraiser's report and granted the motion for an order of sale.

The withdrawal of actions is governed by § 52-80 of the General Statutes, which provides in pertinent part that "[t]he plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . . only by leave of court for cause shown." It is not disputed that a petition for a winding up is an "action" to which § 52-80 applies, nor is it contended that "a hearing on the merits" or on any "issue of fact" was commenced by the court prior to the plaintiffs' withdrawal. The single issue, therefore, is whether

---

[2] The assets of the corporation consist primarily of two improved parcels of real estate, together with cash on hand, prepaid interest, and unexpired insurance premiums.

the determination by the appraiser of the value of the corporate assets constituted a "hearing" as that term is used in § 52-80.

Resolution of this issue requires a preliminary examination of the nature of the appraisal proceedings. Section 33-384 provides that after a petition for a winding up has been filed, any other shareholder may apply to the court to have the value of the petitioner's shares appraised. "The court shall thereupon by its judgment determine the value of the petitioner's share as of the day prior to the date on which such petition was filed . . . . It may, if it so elects, appoint one or more persons as appraisers to receive evidence and recommend a decision on the question of fair value. The appraisers shall have such power and authority as shall be specified in the order of their appointment." General Statutes § 33-384 (b). The appraisal of the petitioner's shares is ancillary to the winding up action. *Sussman* v. *Riverbank Motors Corporation,* 154 Conn. 289, 292, 224 A.2d 716. When the report of an appraiser is sought, the procedures to be followed are, so far as applicable, those set out in §§ 349 through 365 of the Practice Book, to be followed as in cases referred to a committee or a referee. *Saraceno* v. *Capitol Theatre Realty Corporation,* 154 Conn. 669, 672, 228 A.2d 507. The court's function is limited to rendering a judgment based upon the facts found by the appraiser; Practice Book § 363; and although the court may reject the appraiser's report, it does not itself determine the facts of the case. Ibid. The procedures to be followed in challenging an appraiser's report, as set out in §§ 358 through 361 of the Practice Book, are designed to avoid a duplication of effort which would ensue if the court were to rehear the evidence presented to

the appraiser. *Saraceno* v. *Capitol Theatre Realty Corporation,* supra, 673. Thus, the only "hearing on an issue of fact" which is held when an appraiser's report is sought consists of the proceedings, if any, before the appraiser.

Prior to the enactment in 1925 of what is now § 52-80, 1925 Public Acts, chapter 163, a plaintiff was permitted by statute to withdraw an action at any time before the jury had given their verdict. See, e.g., Statutes, 1784, p. 5. That statute obviously provided little guidance in cases which did not involve a jury, although it was early recognized that some limitation must be placed upon the right of a plaintiff to withdraw an action in a nonjury case, otherwise "it would always be in the power of the plaintiff to avoid a judgment against himself, when he had discovered how it would be rendered." *M'Curdy* v. *Mather,* Kirby 273. In cases in which the report of a committee was required, the plaintiff's right to withdraw was held to terminate when the committee had completed and signed the report, and either lodged it with the clerk of the court or handed it to counsel. *Moriarty* v. *Mason,* 47 Conn. 436; *West* v. *Tolland,* 25 Conn. 133. Under § 52-80, however, the plaintiff's right to withdraw his action terminates not with the completion by the appraiser of his report, but with the commencement by the appraiser of the procedures to be followed in arriving at his appraisal. Because these procedures may be somewhat informal in nature, it may be difficult in some cases to determine at what point the appraiser commences his fact-finding function. It is clear, however, that this fact-finding function cannot commence prior to the appraiser's formal appointment by the court.

Under the peculiar facts of the present case, we are not convinced that the plaintiffs' right to withdraw their action was ever terminated. Although the trial court concluded, in granting the motion to correct the record, that Bennett B. Kirk was in fact appointed to appraise the value of the plaintiffs' shares, the record is devoid of any court order specifying his power and authority, as contemplated by § 33-384 (b). Kirk testified that he never knew that he had been appointed as an appraiser by the court, and that he had in fact originally been contacted by the plaintiffs to appraise the value of the corporation's real estate. He never appraised the value of the plaintiffs' shares, and in neither of his two reports did he appraise the real estate as of the appropriate date. Under these circumstances, and particularly in the absence of any specific order which would serve to differentiate Kirk's services for the plaintiffs from his court-appointed duties, we conclude that the determination by Kirk of the value of the corporation's real estate did not amount to such a "hearing on an issue of fact" as would terminate the plaintiffs' statutory right to withdraw their action without the permission of the court for cause shown.

The judgment having been rendered after the plaintiffs properly withdrew their action, it was improperly rendered.

There is error, and the case is remanded with direction to set aside the judgment.

In this opinion the other judges concurred.