DOUGLAS BARRA *v*. RIDGEFIELD CARD AND GIFT GALLERY, LTD., ET AL.
(11911)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, Js.

Argued June 7—decision released September 4, 1984

*Harvey J. Kulawitz,* with whom, on the brief, was *George M. Cohan,* for the appellant (defendant Loretta O'Hare).

*John J. Graubard,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. The principal issue in this case is whether the trial court, *Maiocco, J.,* erred when it overruled the defendants' objection to the plaintiff's withdrawal of his complaint. The following salient facts are not in dispute: The plaintiff, Douglas Barra, filed a complaint on April 21, 1982, seeking a judicial winding up of the defendant corporation, Ridgefield Card & Gift Gallery, Ltd. (Ridgefield), pursuant to General Statutes § 33-382. The plaintiff and the defendant Loretta O'Hare were shareholders and directors of Ridgefield. O'Hare then filed an application for appraisal of the plaintiff's shares of stock pursuant to General Statutes § 33-384. This application was granted after a hearing before the trial court, *Ford, J.,* and at that time John P. O'Byrne, a certified public accountant, was appointed as the appraiser.

On July 16, 1982, O'Byrne filed his appraisal report with the court. This report stated that the plaintiff's shares of stock were worth $0.00 as of April 20, 1982, the day preceding the filing of the plaintiff's complaint.[1] On July 30, 1982, O'Hare, pursuant to General Statutes § 33-384 (c), filed a statement with the court electing to purchase the plaintiff's shares of stock and deposited the sum of $1 with the court clerk. Subsequently, O'Hare filed a motion for order of sale of the plaintiff's shares to her pursuant to General Statutes § 33-384 (d).

[1] General Statutes § 33-384 (b) requires valuation of a petitioner's shares as of the day prior to the date on which a petition under General Statutes § 33-382 is filed.

On September 3, 1982, the plaintiff filed a withdrawal. The withdrawal did not expressly request leave of court to do so and no such leave had previously been granted.[2] On September 7, 1982, O'Hare's motion for order of sale, filed on August 12, 1982, was granted by the court, *Moraghan, J.* At the time when Judge Moraghan heard and decided that motion, however, the plaintiff's September 3 withdrawal was not contained in the court file.[3] The court file indicates that on September 7, 1982, the defendants filed an objection to the withdrawal.

Subsequently, on September 27, 1982, the plaintiff filed a motion to reargue the motion for order of sale entered on September 7, 1982, and, on September 28, 1982, the plaintiff filed a motion to "reopen" that order of sale. The gravamen of both of these motions was that the court was without jurisdiction to enter the order of sale on September 7 because the plaintiff had filed a withdrawal of his complaint on September 3. On October 14, 1982, the defendants filed their motion objecting to the plaintiff's motions to "reopen" and reargue. The trial court, *Moraghan, J.,* after a hearing, granted both motions on November 1, 1982. Thereafter, on December 20, 1982, the trial court, *Maiocco, J.,* after a hearing, overruled the defendants' objection to the withdrawal, and the defendant O'Hare then appealed.[4]

On appeal, the defendant claims that the trial court erred in overruling her objection to the plaintiff's with-

---

[2] The plaintiff's withdrawal stated: "The Complaint in the above entitled action is hereby withdrawn."

[3] In its memorandum of decision on the defendants' objection to withdrawal, the trial court, *Maiocco, J.,* stated that the filing of the withdrawal "was erroneously coded on the computer printout entries for the file and appears not to have been placed in the file when the court, *Moraghan, J.,* entertained [the defendants'] motion for order of sale of the stock . . . ."

[4] Both Loretta O'Hare and Ridgefield Card & Gift Gallery were named as defendants in the plaintiff's complaint. It is apparent, however, that only O'Hare has appealed.

drawal and in allowing the plaintiff to withdraw his action without his first requesting, and having been granted, leave of court in accordance with General Statutes § 52-80.[5] In support of this claim, the defendant relies upon *Spears* v. *Kerars Realty Co.*, 171 Conn. 699, 372 A.2d 121 (1976). She maintains that prior to the filing of the plaintiff's withdrawal, the commencement of a hearing on an issue of fact under *Spears* had occurred because the appraiser in this case had not only commenced the procedures to be followed in making his appraisal, but he had completed his appraisal and filed it with the court. She therefore asserts that under General Statutes § 52-80, the plaintiff's ability to withdraw his action as of right had terminated and that he could not withdraw his action without leave of court for cause shown. The defendant claims that the plaintiff failed to request "leave of court *and* [make] a showing of 'cause.' " She asserts that the record of the hearing before Judge Maiocco is devoid of any reference whatsoever to such cause shown, that neither of the litigants addressed this critical issue, and that the court did not inquire into it. She therefore argues that leave of court could not properly have been granted since the issue of cause was "never raised or presented to the Court by the plaintiff, nor addressed by the defendant nor by the Court itself." Accordingly, because she maintains that there was no showing of cause, she claims that the overruling by the trial court, *Maiocco, J.*, of her objection to the plaintiff's withdrawal cannot be considered to have the "same effect"

---

[5] General Statutes § 52-80 provides in pertinent part: "The plaintiff may withdraw any action . . . returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown."

as the granting of leave of court to withdraw. See *Falk v. Schuster,* 171 Conn. 5, 8, 368 A.2d 40 (1976). We disagree.

Initially, we point out, as both parties now acknowledge, that a "hearing on an issue of fact" within the meaning of § 52-80 had "commenced" in this case prior to the plaintiff's filing of his withdrawal on September 3, 1982. *Spears v. Kerars Realty Co.,* supra, 701–704. Quite clearly, the plaintiff's right to withdraw his action without leave of court terminated "with the commencement by the [court appointed] appraiser of the procedures to be followed in arriving at his appraisal."[6] Id., 703. Thus, the plaintiff could properly withdraw his complaint "only by leave of court for cause shown." General Statutes § 52-80.

At this point, we refer to the language of the memorandum of decision by the trial court, *Maiocco, J.,* on the defendants' objection to the plaintiff's withdrawal. We may examine the trial court's memorandum of decision to understand better the basis of its decision and to determine the reasoning used by it in reaching its conclusion. *McGaffin v. Roberts,* 193 Conn. 393, 408, 479 A.2d 176 (1984). After pointing out the apparent clerical error which prevented the inclusion of the plaintiff's withdrawal in the court file at the time when the trial court, *Moraghan, J.,* heard and decided the defendant's motion for the sale of the plaintiff's stock,[7] the trial court, *Maiocco, J.,* referred to the plaintiff's motions to "reopen" the judgment of the order of sale and to reargue the motion for order of sale. It then noted the defendants' objection to these motions which "set forth as [their] arguments that the withdrawal was

---

[6] There is no question raised on this appeal concerning the trial court's order appointing John P. O'Byrne as appraiser under General Statutes § 33-384 (b). See, e.g., *Spears v. Kerars Realty Co.,* 171 Conn. 699, 704, 372 A.2d 121 (1976).

[7] See footnote 3, supra.

improper and of no effect as it was done without the permission of [the] court; that it was done without cause being shown; and that it was done after a hearing on the merits was held and acted upon by the court (the appointment of the appraiser), [citing General Statutes] Sec. 52-80 in support of [their] arguments.''

The trial court then stated that ''[t]hese arguments were all addressed and countered by the plaintiff in his memorandum in support of the motions'' which Judge Moraghan granted and, ''[i]n effect, Judge Moraghan by his ruling appears to have accepted the arguments advanced by the plaintiff and rejected those offered by the defendant.'' The trial court then pointed out that ''the defendant [was coming] before the court a second time proposing the same objections to the withdrawl of [the] action, [that the defendant was] asking for a new ruling on the matter, [and that] [i]n effect, she is asking the court to overrule the prior decision.''

Finally, the trial court stated that ''[i]n addition to the above consideration, i.e., the prior court ruling, this court adopted the argument advanced by the plaintiff that the appointment of an appraiser and his filing of his report did not, in and of itself, constitute a hearing . . . on an issue of fact as contemplated by Sec. 52-80 . . . so as to prevent the plaintiff from withdrawing his action without prior approval from the court.''

It is plain, in view of what we have already stated concerning the plaintiff's inability to withdraw as of right under our holding in *Spears* which interpreted § 52-80, that the trial court, *Maiocco, J.,* erred in its conclusion that the plaintiff could withdraw without leave of court. It is clear, however, that its judgment was not predicated on only that conclusion but also on the independent ground relating to the previous ruling of Judge Moraghan. A trial court's judgment may

be sustained if there exists proper grounds to support it even where, unlike the present case, the trial court's memorandum does not state a proper basis for its result. *Herman* v. *Division of Special Revenue,* 193 Conn. 379, 387, 477 A.2d 119 (1984); *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978); *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978); see *Perkel* v. *Grayson,* 119 Conn. 465, 471–72, 177 A. 534 (1935); Maltbie, Conn. App. Proc. §§ 35, 36.

The thrust of the defendant's position on this appeal is that the issue of cause was never addressed in the proceedings before either Judge Moraghan or Judge Maiocco. We cannot accept this claim. There is no question that the defendants' objection to the plaintiff's motions to "reopen" and reargue, as well as their objection to the plaintiff's withdrawal, were both filed with the trial court prior to the time when the court granted the plaintiff's motions to "reopen" and reargue. Both of these objections as filed clearly stated, inter alia, the defendants' argument that the withdrawal was improper, untimely, and without leave of court for cause shown. After a hearing, Judge Moraghan granted the plaintiff's motions to "reopen" and reargue, despite these claims, without a written memorandum of decision. As already stated, Judge Maiocco, in denying the defendants' objection to the plaintiff's withdrawal, referred to Judge Moraghan's previous order and pointed out that all of the claims then being made before him had already been made and rejected by the court's, *Moraghan, J.,* previous action. In view of this chronology, the defendant's claim essentially must center on whether Judge Maiocco erred in construing Judge Moraghan's order as having addressed, inter alia, the issue of cause and having resolved it in the plaintiff's favor.

As we have noted, there is no written memorandum of decision setting forth the basis of Judge Moraghan's

decision to which Judge Maiocco referred with regard to the various objections, including the "cause" issue, raised by the defendants. Yet, despite the fact that there was argument before Judge Moraghan and, as defendant's counsel indicated at oral argument before us, Judge Moraghan issued his decision from the bench, the defendant has not filed a transcript of those proceedings before Judge Moraghan, the import of which proceedings is clear in light of her attack on Judge Maiocco's decision from which she has appealed. See Practice Book § 3060V. Although the defendant claimed before us that the cause issue was never argued orally before Judge Moraghan, she nevertheless conceded the possibility that Judge Moraghan had considered that issue. Yet, there was no indication whatsoever given by the defendants, either in their memorandum or oral argument before Judge Maiocco, that Judge Moraghan did not consider the cause issue despite the fact that it had been raised by their written objections. It is this position that the defendant now takes on appeal for the first time and asks this court to sustain despite having had the opportunity to make this claim before Judge Maiocco.

The significant gap in the record, i.e., the absence of a transcript of the proceedings before Judge Moraghan, before both Judge Maiocco and this court limits our review and presents obstacles to reviewing the defendant's claim of error on this appeal. See *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 713–14, 462 A.2d 1037 (1983); *H. B. Sanson, Inc.* v. *Tax Commissioner,* 187 Conn. 581, 586, 447 A.2d 12 (1982). It is the appellant's burden to ensure that we are provided with an adequate appellate record to support his claims of error. See *DeMilo* v. *West Haven,* 189 Conn. 671, 681, 458 A.2d 362 (1983). It is important to recognize that a claim of error cannot be predicated on an assumption that the trial court acted incorrectly. *Long*

v. *Loughlin,* 171 Conn. 291, 292–93, 370 A.2d 925 (1976); *Giamattei* v. *DiCerbo,* 135 Conn. 159, 162, 62 A.2d 519 (1948); Maltbie, supra, § 311. Rather, it must be assumed that the trial court acted properly. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); *Giamattei* v. *DiCerbo,* supra; Maltbie, supra. These principles apply not only to Judge Maiocco's decision but also to Judge Moraghan's decision. The issue of cause was before Judge Moraghan and, in the absence of some contrary indication in the record before us, Judge Maiocco did not err in finding that Judge Moraghan, in granting the plaintiff's motions to "reopen" and reargue, had considered the cause issue. In the circumstances of this case, the defendant cannot now claim that the issue of cause was never considered and passed upon below. Therefore, we cannot conclude that Judge Maiocco erred in overruling the objection to the plaintiff's withdrawal which, in the circumstances of this case, is to be given the "same effect" as the court's granting of the plaintiff's withdrawal. See, e.g., *Falk* v. *Schuster,* 171 Conn. 5, 368 A.2d 40 (1976).

There is no error.

In this opinion the other judges concurred.