[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT (MOTION NO. 138.00)
In its Motion to Reopen Judgment dated October 11, 1990, the third party defendant requests the Court to reopen the judgment which the Court entered on 10/9/90, for the reasons that the case was withdrawn prior to entry of the judgment, the judgment is excessive and the costs award of interest is inappropriate.
The following has been noted from a review of the entire file.
This action arises from a lease of office security equipment between first party plaintiff Bell Atlantic Tricon Leasing Corporation ("Bell") and defendant/third-party plaintiff 225 Main Street Associates ("225"). The third-party complaint (#103.00, Dec. 9, 1987) alleges that the lease was assigned by 225 to third-party defendant Mainfour Associates ("Mainfour"). Mainfour then failed to make the payments required under the lease. The amount sued on by Bell was $14,733.99. The CT Page 2332 third-party complaint alleges that this sum accrued solely as the result of Mainfour's failure to make payments.
Plaintiff Bell and defendant 225 filed a stipulation and moved for entry of judgment on the first-party complaint in the amount of $15,000.00 on July 25, 1988. No judgment was entered pursuant to the stipulation. The first-party complaint was withdrawn on July 29, 1990 with no judgment having entered.
Then the issues in the third-party complaint were tried to an attorney trial referee. The complaint was based exclusively on a demand for "indemnification for any judgment that may be rendered against [225] in favor of the plaintiff [Bell]". The trial referee ruled that the stipulation precluded a hearing on the initial complaint. The referee then found the issues of fact in favor of third-party plaintiff 225, in that the default under the lease was held to be the fault of third-party defendant Mainfour. Mainfour argued that its obligation as assignee of the lease was subject to an oral condition precedent. The trial referee did not find this assertion credible.
Subsequent to the hearing, the third-party plaintiff 225 moved for judgment pursuant to the third-party complaint and the trial referee's factual findings.
Relying on Connecticut General Statute 52-80 and the case of Spears v. Kerars Realty Co., Inc., 171 Conn. 699 (1976), this court ordered that judgment enter in favor of the third-party plaintiff in the sum of $20,858.05, with costs in the amount of $508.74. The damages figure represent the amount sued on plus prejudgment interest based on an offer of judgment (#120.00, Sept. 7, 1988) made by 225 before trial.
The third-party defendant Mainfour now moves to reopen the judgment against it for the following reasons: (1) No judgment ever entered on the stipulation between Bell and 225, and thus no indemnification obligation ever ripened between 225 and Mainfour; (2) Mainfour has paid $16,000.00 to Bell to settle the underlying claim.
Where a statute authorizes it, the reopening of a judgment lies within the discretion of the trial court. See, e.g., Jaquith v. Revson, 159 Conn. 427, 431 (1970). Connecticut General Statute 52-228 reads:
 Sec. 52-228. Judgment too large; remittitur; correction. If any judgment is rendered, by mistake or clerical error, for a larger sum than is due, the party recovering the judgment may have the amount of the judgment decreased CT Page 2333 by remittitur to the amount which is due, provided reasonable notice has been given to the adverse party or his attorney. The court may thereupon order the record of the judgment to be corrected, and affirm the judgment for the amount to which it has been decreased.
The judgment entered against third-party Mainfour clearly is one within the contemplation of the above statute. Further the error may be the result of several factors: the court's failure to enter judgment in accordance with the stipulation between Bell and 225; the trial court referee treating the stipulation as a judgment sufficient to satisfy the complaint for indemnity. The result is that, whether the stipulation between Bell and 225 is binding on the parties or not, the obligation of Mainfour to indemnify cannot properly be upheld where no judgment against 225 is shown. Although the issues between 225 and Mainfour have been resolved in a procedurally correct manner, the judgment entered represents a windfall for 225 and an unjust penalty against Mainfour. Conn. Practice Book 443 (rev'd. to 1978, as updated to Oct. 1, 1989) states that where the court finds that the committee (or trial referee, see Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496,502-03 (1986)) has materially erred in his rulings, "the court may upon its own motion add a fact which is. . . undisputed or strike out a fact improperly found." "Moreover, the trial court may strike out a fact improperly found by the attorney trial referee." St. John v. State, 9 Conn. App. 514, 520 (1987). "The reviewing court must correct the finding where material facts have been found without evidence." Seal Audio,199 Conn. at 503. The referee in this case seemingly regarded the stipulation as a conclusive court judgment. It is perhaps true that the court's power under 443 is intended to be exercised before judgment, but it is clear that the facts of this case indicate that an injustice can only be prevented by exercising the court's power under Connecticut General Statute 52-228 to reopen the judgment to correct the mistake.
The trial referee, upon whose findings the present judgment is based, was acting upon the third-party complaint (#103.00, Dec. 9, 1987). The prayer for relief in that complaint is "[i]ndemnification for any judgment that may be rendered against it in favor of the plaintiff [Bell]". It is submitted that the term "judgment" cannot be construed to include a stipulation between Bell and 225 which has not been adopted by the court. The record is devoid of evidence that judgment was ever entered on the stipulation between Bell and 225. "The mere fact that a document is signed by defendant consenting to entry of judgment against him is not of itself a judgment." 49 C.J.S. 177, p. 314 (citation omitted). "A consent judgment is not. . . the judgment CT Page 2334 of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment. . ." Id. at 173, p. 308 (citation omitted). "The essence of the judgment is that the parties. . . have voluntarily entered into an agreement setting their dispute or disputes at rest, and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." Bryan v. Reynolds, 143 Conn. 456,460 (1956) (emphasis added).
The third-party complaint also seeks "cost (sic), expenses and attorney's fees," but the underlying theory of recovery, upon which all claims rest, is indemnification for a judgment against the third-party plaintiff. The cost of the litigation of facts denied by Mainfour but proven to the trial court referee's satisfaction is separately grounded upon the provision of Practice Book 241. It is clear that, since no judgment was rendered against 225 in favor of Bell, no indemnification obligation ripened, ergo no recovery on the third-party complaint is appropriate. The right of a plaintiff to recover is limited to the allegations of the complaint. Strimiska v. Yates,158 Conn. 179, 185 (1969); Francis v. Hollauer, 1 Conn. App. 693
(1984). Judgments must conform to the pleadings, the issues and the prayers for relief. Kawasaki Kisen Kaisha, Ltd. v. Indomar, Ltd., 173 Conn. 269, 272 (1977). Therefore any judgment on the third-party complaint must be in accordance with the indemnification theory plead.
Inasmuch as no judgment was entered against the third-party plaintiff 225, it is clear that the award of $20,858.05 on the underlying lease obligation based on the third-party complaint cannot be sustained.
Therefore, only insofar as 225 became liable for judgment in favor of Bell can Mainfour be liable for indemnification. However, the case against 225 was withdrawn before a judgment entered. Since no damages were adjudged against 225, no damages can be assessed against Mainfour on the third-party complaint.
The next question to be considered is the availability of prejudgment interest. The record shows that the third-party plaintiff 225 made an offer of judgment of $15,000.00. Therefore, under Connecticut General Statute 52-192a(b), the court must examine the record to ascertain whether the plaintiff has recovered an amount equal to or greater than the sum certain stated in the offer of judgment. Since the third-party complaint fails due to the absence of an underlying judgment triggering the duty of indemnification, there can be no recovery to entitle 225 to prejudgment interest.
The final question is the assessment of costs. It is CT Page 2335 noted that Practice Book 241 is applicable. The findings of the trial referee were that Mainfour's denial of the facts supporting its liability on the lease was "not credible." It is clear that, given the finding that 225 had proven the truth of its assertions, the costs of such proof are properly chargeable to the defendant Mainfour.
It is obvious that the indemnification claim of 225, upon which the judgment now under scrutiny was granted, was without a basis. The third-party complaint of 225 specifically sought indemnification for any judgment against 225, and the stipulation by Bell and 225 which would have supported the third-party complaint was withdrawn before judgment.
It is the opinion of the Court, that it should exercise its authority to reopen the judgment to reflect the failure of the third-party plaintiff to prove a claim for indemnification. The Court takes this action pursuant to Connecticut General Statute Section 52-228 and Connecticut Practice Book Section 325, which address judgments which are excessive due to clerical error or judicial mistake.
The Motion to Reopen Judgment (No. 138.00) is granted pursuant to Connecticut General Statute 52-228 and the Judgment is adjusted to eliminate the $20,858.05 previously awarded leaving the award of costs of $508.74 which is properly assessed against Mainfour under Practice Book Section 241.
W. J. McGRATH, J.