[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carmen Mancini, has moved to open the judgment of dismissal entered in the above-captioned case by the court, Schaller, J., on August 19, 1991. Because Judge Schaller is now assigned to another court, the motion to open has not been referred to him.
The court finds that the procedural history of the case is as follows. By a complaint with a return day of May 15, 1990, the plaintiff alleged that there had been fraud, collusion or mismanagement in the conduct of the defendant corporation, Telrepco Services, Inc. of which he was a shareholder; and he moved for appointment of a receiver and a decree dissolving the corporation.
On May 31, 1990, John A. Krawski and Robert Bissell ("applicants") filed an application identifying themselves as owners of seventy percent of the corporation's shares and requesting the court to appoint appraisers to ascertain the fair value of the plaintiff's shares in accordance with 33-384 C.G.S. This application was granted by the court, Fracasse, J., on August 27, 1990.
The named defendant, Telrepco Services, Inc., filed an answer to the complaint on June 5, 1990. The appraisers issued reports dated, respectively December 3, 1990 and April 17, 1991, reporting the value of the plaintiff's shares as of the chosen appraisal date of March 31, 1990.
Both appraisers found the value of the plaintiff's share to be zero, through appraiser Roger Sciascia, CPA, noted that some uncertainty existed "as to the effect related party transactions between Telrepco Services, Inc. and Telrepco, Inc. has on this valuation."
The majority shareholders pressed their application to buy the plaintiff's shares at the assessed value, and that application was scheduled for a hearing on the special proceedings calendar of August 19, 1991; however on August 12, 1991, the plaintiff filed a CT Page 859 withdrawal of his complaint. His counsel, under the impression that the withdrawal rendered moot any pending applications arising out of the complaint, did not attend the call of the special proceedings calendar on August 19, 1991.
The applicants did, and they asked the court, Schaller, J., to sustain the objection to withdrawal of the complaint that they had filed on August 16, 1991. The court's research as to the calendars issued reveals that this objection was not printed on the special proceedings calendar for August 19, 1991, nor on the short calendar for that day, and the court finds that the plaintiff did not agree to have the objection heard on that date.
In the absence of the plaintiff and his counsel, the court sustained the objection to the withdrawal of the complaint, restored the case to the docket, granted the application to buy the plaintiff's shares for the sum of $1.00, and entered a judgment of dismissal of the plaintiff's action.
The plaintiff claims that if he had been present on August 19, 1991, he would have argued in opposition to the applicants' objection, because the shares had value and because one appraiser noted a gap in the information provided. The plaintiff has since that time discovered a document dated May 30, 1990, (Ex. A), by which the applicants had entered into an agreement to sell what he presumes to be his thirty-percent interest to a third party for the sum of $30,000.00, and he argues that the negotiations which led to the creation of that document were in progress but not revealed to the appraisers.
The applicants' petition for valuation of plaintiff's shares was filed pursuant to 33-384 C.G.S., which provides that "[w]henever a petition for judicial winding up is filed by a shareholder . . . as provided in section 33-382 . . . any other shareholder may . . . apply to the court to have the fair value of the petitioner's shares appraised. . ." and may elect to buy the shares at the appraised value. The Connecticut Supreme Court has indicated that a petition to wind up a corporation may be withdrawn as of right only if the withdrawal is filed before the appraiser commences work on an appraisal, that is, before the fact-finding function has begun, consonant with 52-80 C.G.S. which provides that after the commencement of a hearing on an issue of fact, a plaintiff may withdraw an action only by leave of the court for cause shown; Barra v. Ridgefield Card Gift Gallery, Ltd., 194 Conn. 400, 404-05 (1984); Spears v. Kerars Realty Co., 171 Conn. 699, 703 (1976).
The plaintiff contends, in effect, that the withdrawal should have been held to be valid because he would have been able to show good cause in that the appraisers did not have access to the CT Page 860 agreement indicating that his shares had a value of $30,000. to a willing buyer.
Had the applicants' objection to the withdrawal been taken up on a regularly scheduled short calendar, the plaintiff would have had an opportunity to argue the validity of the withdrawal under the circumstances. While 52-80 C.G.S. would seem to require that a plaintiff file an application for leave of the court and make a showing of good cause before actually filing the withdrawal, the Supreme Court in Barra v. Ridgefield Card Gift Gallery, Ltd., surpa, at 406, found that in granting a motion to open and reargue in a similar factual situation, the trial court must have found that the plaintiff had, belatedly, demonstrated good cause and therefore gave effect to the withdrawal filed before leave of the court was obtained.
There is good cause to open the judgment dismissing the plaintiff's complaint. The court on August 19, 1991 decided the merits of the applicant's objection to the withdrawal of the complaint, a motion not on the court's calendar for that day and which the plaintiff would justifiably have considered would not be adjudicated, since 206 P.B. provides that "[n]o motions will be heard which are not on said list and ought to have been placed thereon. . . ." Apparently as a result of oversight, the motion raising the validity of the withdrawal was not calendared and adjudicated before the application to buy the petitioner's shares.
The procedural irregularity identified above and plaintiff's offer of proof that information concerning the value of the shares was not furnished to the appraisers constitute good cause for opening the judgment and restoring the case to the docket so that the defendant's objection to the withdrawal of the complaint can be heard on the merits.
The motion to open the judgment of dismissal is granted.
BEVERLY J. HODGSON, JUDGE OF THE SUPERIOR COURT