[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF ATTORNEYTRIAL REFEREE'S REPORT.
FACTS
Pursuant to the court's July 22, 1996 order (Walsh, J.) this case was heard by the attorney trial referee, J. Michael Sconyers, on September 5, 1996. Thereafter, on September 27, 1996, the parties filed simultaneous trial briefs. The attorney trial referee's report was filed on October 28, 1996, and concluded that judgment be entered for the plaintiff in the amount of $5,035.
On December 10, 1996, the defendant, Squire Hill No. 2 Condominium Association, Inc., filed an objection to the acceptance of the report of the attorney trial referee. The defendant objects on the grounds that (1) the attorney trial CT Page 602 referee failed to consider that portion of the defendant's condominium documents which requires that all repairs to a unit, whether part of the common area or not are the responsibility of the unit owner, and (2) the attorney trial referee failed to consider the public policy issue addressed in the defendant's trial brief.
"Attorney trial referees are empowered to hear and decide issues of fact. Spears v. Rears Realty Co., 171 Conn. 699,702-703, 372 A.2d 121 (1976). It is axiomatic that a "reviewing authority may not substitute its findings for those of the trier of the facts." Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied,214 Conn. 804, 573 A.2d 318 (1990). The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. Dills v. Enfield, 210 Conn. 705, 713, 557 A.2d 517
(1989). In reviewing an attorney trial referee's report, a trial court cannot find additional facts or reject others unless a material fact has been found without evidence. Id., 714." Romanov. City of Derby, 42 Conn. App. 624, ___ A.2d ___ (1996).
The defendant argues that pursuant to Article XII, section 5 (b)(2), of the condominium by laws it is not the condominium associations responsibility to pay the damages out of its own funds. Section 5 of Article XII, however, deals with damages or destruction of improvements situated within a living unit.
The attorney trial referee, in his findings of fact, found that the damaged area, the wooden structural supports of the condominium, constituted a both a "limited common element" and a "common area." The attorney trial referee also found that the expense of repairs to limited common elements and common areas is a common expense to be paid by the condominium association, as set forth in Article II, section 11 of the declaration pertaining to the condominium and General Statutes § 47-76.
This court finds the defendant's argument unpersuasive. The attorney trial referee found that the damaged area was a "limited common element" and a "common area" and not part of the plaintiff's living unit. Since section 5 of Article XII only deals with damages to a living unit, it is inapplicable in this situation.
The defendant also argues that the attorney trial referee CT Page 603 failed to consider the public policy argument raised by the defendant in his trial brief. The defendant argues that a judgment for the plaintiff would require all of his neighbors to pay for the repair of his unit. Such a result, it is claimed, would set a precedent that would have substantial financial impact on the defendant.
The association is not paying for damages to the plaintiff's unit. The attorney trial referee has found that the damaged area was not part of the plaintiff's unit. Therefore, pursuant to General Statutes § 47-76, this is an expense for which the defendant is obligated to pay.
For the foregoing reasons, the defendant's objection to the attorney trial referee's report is overruled.
WALTER M. PICKETT, JR.State Judge Referee