IN RE THOMAS L.*
(3100)

BORDEN, SPALLONE and DALY, Js.

Argued March 6—decision released May 14, 1985

---

\* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Daniel V. Presnick,* for the appellants (parents).

*Michael O'Connor,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (department of children and youth services).

*Robert J. Sokolowski,* for the minor child.

DALY, J. In this juvenile matter, the department of children and youth services (DCYS) filed a petition to terminate the parental rights of the respondents, whose son, then three and one-half years old, had been placed in its custody since he was two years old. The child had not resided with the respondents, his biological parents, since he was two weeks old. The respondents later filed a petition to revoke the order of commitment to DCYS. From the trial court's denial of their petition, the respondents have appealed.

The burden is clearly upon the persons applying for the revocation of commitment to allege and prove that cause for commitment no longer exists. Once that has been established, the inquiry becomes whether a continuation of the commitment will nevertheless serve the child's best interests. On this point, when it is the natural parents who have moved to revoke commitment, the state must prove that it would not be in the best interests of the child to be returned to his or her natural parents. *In re Juvenile Appeal (Anonymous),* 177 Conn. 648, 659, 420 A.2d 875 (1979).

In a detailed and comprehensive memorandum of decision, the court concluded that the respondents did not prove by a preponderance of the evidence that cause for commitment no longer existed. It also concluded that the state did prove by a preponderance of the evidence that revocation was not in the child's best interests. The credibility of witnesses is a matter to be determined by the trier of fact. *In re Juvenile Appeal (Docket No.*

*9268),* 184 Conn. 157, 171, 439 A.2d 958 (1981); Holden & Daly, Connecticut Evidence (1966 and Sup. 1983) § 118 (c). Since the court's conclusions are logically supported by the evidence and facts, we will not disturb those conclusions.

There is no error.

In this opinion the other judges concurred.