PAULINE M. TAYLOR, ADMINISTRATRIX (ESTATE OF EDWARD TAYLOR III), ET AL. *v.* AMERICAN THREAD COMPANY ET AL.
(12659)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and CALLAHAN, Js.

Argued May 1—decision released June 3, 1986

*Ronald E. Cassidento,* with whom, on the brief, was *Bruce W. Diamond,* law student intern, for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom were *Peter K. O'Keefe,* and, on the brief, *Denise Martino Phelan,* for the appellee (defendant city of Willimantic).

PER CURIAM. This case arises out of the accidental drowning of two nine year old boys in the Willimantic River. The plaintiffs, the administrators of the estates of the boys, brought suit charging the defendants, the American Thread Company and the city of Willimantic, with nuisance and negligence in affording the children access to the river. After the claims against the defendant American Thread Company had been withdrawn pursuant to a settlement, the case against the defendant city was tried to a jury. At the end of the presentation of the evidence, the trial court granted the motion of the defendant city for a directed verdict. The plaintiffs moved unsuccessfully to have the verdict set aside and thereafter took the present appeal from the judgment rendered in favor of the defendant city.

In their complaint, the plaintiffs alleged that the children's drowning was attributable to a broken fence at the rear of a city park that afforded the children access to the property of the American Thread Company. The American Thread Company's property adjoins the Willimantic River in the vicinity of the accident. The children allegedly made their way onto the ice-covered Willimantic River, where they drowned when the ice broke beneath them. The trial court, in its memorandum of decision on the motion for a directed verdict,

did no more than refer to the facts as alleged in the complaint. With respect to the plaintiffs' count claiming that the defendant city was liable on a theory of nuisance, the court determined that "there [was] no evidence . . . from which the jury [could] conclude that the defendant created the dangerous condition constituting a nuisance." With respect to the count charging the city with negligence, the court sustained the defendant's special defense of governmental immunity. The plaintiffs have appealed only that part of the trial court's ruling that pertains to their cause of action sounding in negligence. In that appeal, they launch a frontal attack on our long-standing doctrine of governmental immunity.

We are unable to consider the plaintiffs' appeal on its merits because of the failure of the plaintiffs to provide us with an adequate appellate record. We do not decide issues of law in a vacuum. In order to review an alleged error of law that has evidentiary implications, we must have before us the evidence that is the factual predicate for the legal issue that the appellant asks us to consider. It is the responsibility of the appellant to provide us with an appellate record that adequately supports his claim of error. Practice Book § 3060D;[1] *State* v. *Conrod,* 198 Conn. 592, 597, 504 A.2d 494 (1986); *In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 715, 501 A.2d 377 (1985); *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 480, 493 A.2d 874 (1985);

---

[1] "[Practice Book] Sec. 3060D. REVIEW BY THE SUPREME COURT

"The supreme court may reverse or modify the decision of the trial court if it determines that the decision is clearly erroneous in view of the evidence and pleadings in the whole record.

"If the supreme court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's decision.

"It is the responsibility of the appellant to provide an adequate record for review."

*Barra* v. *Ridgefield Card & Gift Gallery, Ltd.*, 194 Conn. 400, 407–408, 480 A.2d 552 (1984). The absence of such a record is an insurmountable obstacle to review of the plaintiffs' claims of error in the circumstances of this case.

The most conspicuous defect in the appellate record arises out of the failure to supply this court with adequate transcripts to document what transpired at trial. The plaintiffs have consistently claimed, both at trial and on appeal, that their decedents were harmed by a defective fence in the defendant city's park, because the children allegedly were playing in the park and then walked through a hole in the fence and onto the ice on the river, where they drowned. The defendant city, in its pleadings and in its motion for a directed verdict, has denied each and every part of these allegations. In pursuing their appeal, the plaintiffs have produced some evidence of record to show the existence of the defects in the fence, but they have failed entirely in their obligation to provide an appellate record showing a causal link between this alleged defect and the accidental drowning of the children.

The plaintiffs have supplied to this court no transcripts to substantiate whether, where and how the children crossed the park to get to the river. They have filed only two transcripts. One contains the arguments to the trial court concerning the defendant's motion for a directed verdict, and thus has no evidentiary content whatsoever. The other contains part of the testimony of a single witness, Albert Legace, who was examined and cross-examined only about the condition of the fence between the city park and the property of the American Thread Company. Nothing in either of these transcripts would enable us to conclude that the plaintiffs had established that, regardless of governmental immunity, the defendant city owed any duty whatsoever to their decedents. We have, of course, no

way of knowing what other evidence the plaintiffs might have presented at trial to support their case against the defendant. Without the appropriate transcripts to provide us a record of what transpired at trial, we cannot, however, find error in the judgment of the trial court. *DeMilo* v. *West Haven,* 189 Conn. 671, 680–81, 458 A.2d 362 (1983).

No doubt because of the absence of the necessary transcripts, the plaintiffs' appellate brief fails to contain the documented statement of facts prescribed by § 3060F (c)[2] of the Practice Book. That subsection requires a "statement of facts . . . supported by appropriate references to the page or pages of the record or transcript upon which the party relies." The plaintiffs' brief contains nothing more than the unsupported allegation that, as a result of the defendant city's negligence in failing to maintain a fence, the decedents gained access to the river and were drowned. The failure to set out the salient facts in the manner required by § 3060F (c) is a second reason why appellate review of the plaintiffs' claims of error is unwarranted in this case. *McGaffin* v. *Roberts,* 193 Conn. 393, 399 n.6, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985); *State* v. *Jones,* 193 Conn. 70, 74, 475 A.2d 1087 (1984).

There is no error.

---

[2] Practice Book § 3060F (c) provides: "[BRIEFS]—APPELLANT'S BRIEF; FORM

"The appellant's brief shall contain the following . . . .

"(c) A statement of the nature of the proceedings and of the facts of the case. The statement of facts shall be in narrative form, and shall be supported by appropriate references to the page or pages of the record or transcript upon which the party relies. The statement of facts should not be detailed or voluminous but must be confined strictly to facts bearing upon the questions raised. An appellant may not rely upon any fact unless it is set forth in his statement of facts or is incorporated into his brief in accordance with subsection (d) hereof."