IN RE THOMAS L.*
(5541)

BORDEN, DALY and BIELUCH, Js.

Argued June 9—decision released July 21, 1987

*Daniel V. Presnick,* for the appellants (respondents).

*Jane S. Scholl,* assistant attorney general, with whom were *Mary-Ann Mulholland,* assistant attorney gen-

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

eral, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (petitioner).

*Robert J. Sokolowski,* for the minor child.

PER CURIAM. In this juvenile matter, the department of children and youth services (DCYS) filed a petition to terminate the parental rights of the respondents, whose son, then nine years old, had been placed in its custody since he was two years old. The child has not resided with the respondents, his biological parents, since he was two weeks old, but has been with his foster parents since eight months of age. From the granting of the petition, the respondents have appealed.

This petition to terminate parental rights was preceded by a long history of litigation. The last disposition prior to the filing of the present petition was a denial of both an earlier petition by DCYS to terminate parental rights and a petition by the natural parents to revoke the order committing him to the commissioner of DCYS. The respondents appealed from that denial but were denied relief. See *In re Thomas L.,* 4 Conn. App. 56, 492 A.2d 229 (1985).

The present petition to terminate parental rights was commenced on August 26, 1985. After a hearing, the trial court concluded that there was clear and convincing evidence that there was no ongoing parent-child relationship and further that it was in the best interests of the child to terminate the respondents' parental rights.

The respondents claim on appeal that (1) the evidence presented was insufficient to support the trial court's conclusion, and (2) the trial court drew an improper adverse inference from the fact that they were under court order not to visit the child.

The respondents have failed to provide a transcript of the proceedings. We are unable to consider the respondents' first claim on its merits because of their failure to provide us with an adequate appellate record. We do not decide issues of law in a vacuum. In order to review an insufficiency claim, we must have before us the evidence which was presented to the trier of fact. The duty to provide us with the appropriate appellate record rests on the appellant. Practice Book § 4061. The absence of such a record prevents us from reviewing the respondents' first claim of error in this case. *Taylor* v. *American Thread Co.*, 200 Conn. 108, 110, 509 A.2d 512 (1986).

The respondents' second claim is without merit. The court properly considered the respondents' conduct which led to the order in question, as well as the lack of effort on their part to change their behavior so that visitation could be resumed.

There is no error.