COMMISSIONER OF HEALTH SERVICES *v.* YOUTH CHALLENGE OF GREATER HARTFORD, INC., ET AL.
(13080)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and HULL, Js.

Argued January 6—decision released February 23, 1988

*James W. Sherman,* for the appellants (defendants).

*Maite Barainca,* assistant attorney general, with whom was *Richard J. Lynch,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (plaintiff).

PER CURIAM. The defendants appeal from the trial court's judgment permanently enjoining them from operating two unlicensed health care facilities. The deficiencies in the defendants' brief and oral argument are so pervasive and fundamental that they make a mockery of responsible appellate advocacy. The defendants' brief does not challenge the court's uncontroverted findings, but the defendants claimed in oral argument that such an attack is "inherent" in their myriad constitutional claims.[1] These constitutional claims are

---

[1] The defendants' statement of issues follows:

"I. Have the defendants and their Church Mission congregations been denied the protection of Article 1, Section 10, against the retroactive punitive effect of a statute in violation of the Constitution of the United States?

"II. Have the defendants and their Church Mission congregations been denied the protection of Article 1, Section 10, against Bills of Attainder in violation of the Constitution of the United States?

"III. Have the defendants and their Church Mission congregations been denied their fundamental rights to liberty, property, privacy and personal autonomy without Due Process of law in violation of the Fourteenth Amendment [to] the Constitution of the United States?

"IV. Have the defendants and their Church Mission congregations been denied their fundamental rights in violation of the equal protection clause of the Fourteenth Amendment [to] the Constitution of the United States?

"V. Have the defendants and their Church Mission congregations been denied their Freedom of Speech, Press and Assembly in violation of the First Amendment [to] the Constitution of the United States?

"VI. Have the defendants and their Church Mission congregations been denied their fundamental rights of Due Process of Law and Freedom of

totally incoherent and unintelligible. We conclude that meaningful appellate review is precluded in this case, and, therefore, find no error.

On August 6, 1986, the plaintiff, the commissioner of health services, pursuant to General Statutes §§ 19a-491 (a)[2] and 19a-503,[3] filed a petition for enforce-

Speech through an overbroad statute in violation of the Fourteenth Amendment and the First Amendment [to] the Constitution of the United States?

"VII. Have the defendants and their Church Mission congregations been denied their fundamental right of Due Process of Law through a vague statute in violation of the Fourteenth Amendment to the Constitution of the United States?

"VIII. Have the defendants and their Church Mission congregations been denied their Right of Freedom of Association in violation of the First Amendment [to] the Constitution of the United States?

"IX. Have the defendants and their Church Mission congregations been denied their right of protection against the establishment of religion in violation of the First Amendment, Establishment Clause, [to] the Constitution of the United States?

"X. Have the defendants and their Church Mission congregations been denied the Right of Freedom of Religion in violation of the First Amendment, Freedom of Religion Clause, [to] the Constitution of the United States?"

[2] General Statutes § 19a-491 provides in relevant part: "(Formerly Sec. 19-577). LICENSE AND CERTIFICATE REQUIRED. APPLICATION. (a) No person acting individually or jointly with any other person shall establish, conduct, operate or maintain an institution in this state without a license as required by sections 19a-490 to 19a-503, inclusive. Application for such license shall be made to the department of health services upon forms provided by it and shall contain such information as said department requires, which may include affirmative evidence of ability to comply with reasonable standards and regulations prescribed under the provision of said sections. . . ."

An "institution" pursuant to General Statutes § 19a-490 (a) includes an "alcohol or drug treatment facility." Subsection (h) defines an "alcohol or drug treatment facility" as "any facility for the care or treatment of persons suffering from alcoholism or other drug addition." The term "facility" means the physical site where the program functions take place. Regs., Conn. State Agencies § 17-227-61 (R).

[3] "[General Statutes] Sec. 19a-503. (Formerly Sec. 19-586). ACTION TO PREVENT CONDUCT OF UNLICENSED INSTITUTION. Notwithstanding the existence or pursuit of any other remedy, the department of health services may, in the manner provided by law and upon the advice of the attorney general, conduct an investigation and maintain an action in the name of

ment seeking to enjoin the defendants from operating two unlicensed health care facilities. The defendants filed an answer and twenty special defenses alleging a cornucopia of state and federal constitutional claims. On December 9, 1986, the trial court granted the plaintiff's application for a permanent injunction. The trial court found: that the named defendant, Youth Challenge of Greater Hartford, Inc., manages and operates the Youth Challenge Ranch (Ranch) in Moosup, and the Youth Challenge Girls' Home (Girls' Home) in Hartford; that the defendant Louie Collazo is the director of the Ranch; that the defendant Christian F. Poulsen, Jr., is the director of the Girls' Home; that the Ranch is a drug and alcohol treatment facility operating without a license; that the Girls' Home is a drug treatment facility operating without a license; and that these facilities are required to be licensed pursuant to General Statutes § 19a-491 (a).[4]

The court also found that the defendants did not prove their special defenses, which the court summarized as a claim of "a violation of the free exercise of religion clause." The defendants presented no evidence at the trial and did not cross-examine the plaintiff's witnesses.

The defendants have challenged none of the facts found by the trial court. In March, 1986, inspectors from

the state for injunction or other process against any person or governmental unit to restrain or prevent the establishment, conduct, management or operation of an institution, without a license under sections 19a-490 to 19a-503, inclusive."

[4] The defendants, during oral argument and in a posthearing motion to file a supplemental brief, attempted to raise the issue that since both the Ranch and the Girls' Home are not "freestanding" facilities "separately incorporated and independently operating with its own management" in accordance with § 17-227-30B (13) of the Regulations of Connecticut State Agencies they are not required to be licensed under § 17-227-31 of the regulations. Since the defendants did not raise this issue in the trial court or in their brief to this court we do not consider it. Practice Book § 4185.

the department of health services made unannounced visits to the Girls' Home and the Ranch to determine whether they were operating unlicensed facilities. Their investigation disclosed the named defendant corporation's tax returns which listed, under "Program," its licensed facility at its headquarters at 15-17 May Street, Hartford, the Ranch and the Girls' Home. The named defendant corporation's tax returns described the Girls' Home as a "drug rehabilitation program." The brochure given to the plaintiff described the program as a drug program with the purpose of "instilling in the drug dependent person, the incentive to forsake his drug habit for the pursuit of a new life." The Girls' Home provides a supervised and supportive living situation for drug abusive or dependent persons. All nine of the residents of the home at the time of the inspection had current drug abuse problems. The services provided by the Girls' Home include detoxification from drugs, storage of medication, a supervised and supportive living situation for drug abusive or drug dependent persons, treatment and rehabilitative programs, assessment of the residents' physical and psychological condition and referral for medical care, psychiatric evaluation and continuing treatment.

The named defendant corporation's tax returns under "Program" also listed the Ranch and described it as a "drug rehabilitative program." The brochure for the Ranch describes it as a "Resident Drug Program" and as a "Residential Rehabilitative program for Troubled Youth particularly those addicted to drugs (alcohol included)." The Ranch is the "Phase II level of treatment" following the induction phase at the May Street facility. Twelve out of thirteen residents had drug histories and nine out of thirteen had alcohol dependency problems. Services provided by the Ranch include: planned treatment and rehabilitation programs inclusive of individual, group, social and domestic counsel-

ling; training and vocational rehabilitation; referral for continuing treatment and/or medical care; dietary services; central storage of medication and administration of medication; assessment of the individual's physical and psychological condition to determine appropriateness for admission; and ongoing assessments to determine a program of the individual toward maintaining alcohol and/or drug free status and learning to return to the community without the use of alcohol or drugs.

In the defendants' appeal from the judgment based on these findings by the trial court, they have entirely failed to comply with our rules of practice. The defendants' "Statement of Facts" is in flagrant violation of our rules of practice. Practice Book § 4065 provides that "the appellant's brief shall contain the following . . . . (c) A statement of the nature of the proceedings and of the facts of the case. The statement of facts shall be in narrative form, and shall be supported by appropriate references to the page or pages of the record or transcript upon which the party relies. The statement of facts should not be detailed or voluminous but must be confined strictly to facts bearing upon the questions raised. An appellant may not rely upon any fact unless it is set forth in his statement of facts or is incorporated into his brief in accordance with subsection (d) hereof.

"(d) The argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the record or transcript."

The defendants claim in the statement of facts that "the question raised in this case of whether government health care orthodoxy preempts the Grace of God is not a new question." There follows a lengthy quotation from the Bible. There is no statement of facts in

narrative form nor is there any reference to the record or transcript upon which the defendants rely. The defendants do not even accept the statement of facts made by the plaintiff based upon the trial court's unchallenged findings.

"We are unable to consider the [defendants'] appeal on its merits because of the failure of the [defendants] to provide us with an adequate appellate record. We do not decide issues of law in a vacuum. In order to review an alleged error of law that has evidentiary implications, we must have before us the evidence that is the factual predicate for the legal issue that the appellant[s] [ask] us to consider. It is the responsibility of the appellant[s] to provide us with an appellate record that adequately supports [their] claim of error. Practice Book § 3060D [now § 4061]; *State* v. *Conrod,* 198 Conn. 592, 597, 504 A.2d 494 (1986); *In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 715, 501 A.2d 377 (1985); *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 480, 493 A.2d 874 (1985); *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.,* 194 Conn. 400, 407–408, 480 A.2d 552 (1984)." *Taylor* v. *American Thread Co.,* 200 Conn. 108, 110–11, 509 A.2d 512 (1986).

The defendant's constitutional arguments, made in a factual wasteland, do not state any legal argument applicable to this case. The brief merely lists summaries of many cases with no attempt to relate them to the constitutional issues claimed on appeal. The defendants' overriding claim apparently is that the state's regulation of their facilities interferes with their free exercise of religion. They cite no facts in the record to establish the religious nature of the two facilities involved in this case. Each of the defendants' ten claims of constitutional error refers to the "defendants and their Church Mission congregations." There is not a shred of evidence in this record as to the existence or

operation of any such church mission congregations. The mere statement by counsel of such a situation at the two unlicensed facilities obviously does not establish any facts.

As briefed, none of the defendants' claims of error raises an issue amenable to appellate review. *In re Juvenile Appeal (85–3),* 3 Conn. App. 194, 197, 485 A.2d 1369, cert. denied, 196 Conn. 801, 491 A.2d 1105 (1985).

There is no error.

HEALEY, J., concurred in the result.