RONALD J. POISSON *v.* QUALITY ELECTRICAL CONTRACTORS, INC., ET AL.
(10827)

DALY, FOTI and LANDAU, Js.

Argued June 11—decision released September 15, 1992

*Patrick W. Boatman,* for the appellant (defendant Theodore F. Maher).

*Jeffery P. Apuzzo,* for the appellee (plaintiff).

DALY, J. The defendant Theodore F. Maher appeals from the judgment rendered on a jury verdict in the plaintiff's favor. Maher claims that the plaintiff was not entitled to recover in this shareholder derivative action on behalf of Quality Electrical Contractors, Inc., because the alleged acts of misconduct by Maher had occurred more than two years after the dissolution of the corporation.

The following facts taken from the parties' pleadings are relevant to this appeal. The corporation was incorporated in April, 1979, by the plaintiff and the defendant who each owned 50 percent of the corporation's stock. In the first count of the amended complaint, the plaintiff sought a court order that would distribute the corporate assets and dissolve the corporation. The second count of the complaint was in the nature of a share-

holder derivative action against Maher. This count alleged that Maher breached his fiduciary duties owed to the plaintiff and the corporation for alleged misconduct that occurred on or after August, 1987. The plaintiff's complaint alleged that the corporation had been dissolved by forfeiture on March 5, 1985. In his amended answer, Maher admitted that the corporation had been dissolved by forfeiture on that date.

At the close of the plaintiff's case-in-chief, Maher made a motion for a directed verdict. He argued that the plaintiff was not entitled to a judicial winding up of the corporation pursuant to General Statutes § 33-382 because the corporation had been dissolved by forfeiture. Maher argued that neither shareholder attempted to reinstate the corporation and, therefore, it no longer was a corporate entity under state law. Maher felt that an order winding up the corporation would be moot because most of the corporate assets had been disposed of toward the payment of corporate debts. The court agreed and directed a verdict in Maher's favor.

As to the second count, Maher asserted that, even though both shareholders continued operating the corporation after its dissolution in March, 1985, this did not reinstate the corporate existence. According to Maher, both parties were limited to doing only those functions necessary to wind up the corporation upon receiving notice of dissolution. Therefore, the corporation, dissolved in March, 1985, had no claim against Maher for actions that took place in 1987. The plaintiff argued that a shareholder derivative action was allowed under Connecticut law on behalf of a dissolved corporation. The plaintiff claimed that because the corporate business was continued after dissolution, there existed a de facto corporation. The court denied Maher's motion for a directed verdict on this count.

On August 15, 1991, the jury returned a verdict for the plaintiff on count two for $53,000. The court divided the plaintiffs verdict in half because the plaintiff was a 50 percent shareholder of the corporation. The jury awarded Maher $17,555.71 on his counterclaim for contribution toward the payment of a corporate debt. The plaintiff ultimately was awarded $8949.

Maher filed a motion to set aside the verdict pursuant to Practice Book § 320. Maher did not raise any specific claims in this motion but noted that the motion to set aside the verdict was "in accordance with his motion for a directed verdict." On October 22, 1991, the trial court heard argument on Maher's motion to set aside the verdict. Maher again argued that there could not be a shareholder derivative action related to events that occurred after the dissolution of the corporation. After further argument, the trial court denied Maher's motion to set aside the verdict. This appeal followed.

The plaintiff initially asserts that Maher is entitled only to plain error review because of his failure to list this claim in his motion to set aside the verdict. We disagree.

"It is an established rule of appellate practice in this state that in order to obtain a full review of claims of error in civil jury cases, parties must raise those errors with the trial court and file a motion to set aside the verdict." *Kolich* v. *Shugrue,* 198 Conn. 322, 325, 502 A.2d 918 (1986). A motion to set aside the verdict is governed by Practice Book § 320 and General Statutes § 52-228b. The motion to set aside the verdict enables the trial court to address any claims of error before the commencement of the appellate phase of the proceedings. Id., 325–26.

According to Practice Book § 320, a motion to set aside the verdict has to be filed within five days after

the verdict and "shall state the specific grounds upon which counsel relies." The plaintiff argues that Maher did not preserve this claim properly in the motion to set aside the verdict because Maher only referred to his motion for a directed verdict, but did not specifically set out this claim in the motion to set aside the verdict. A general claim that the verdict is against the weight of the evidence or resulted from alleged errors by the trial court does not enable the trial court to rule on a claim before the appellate stage. *Voight* v. *Selman,* 14 Conn. App. 198, 200, 540 A.2d 104 (1988). In such a case, our review would be limited to the plain error standard. Id.

Here, there was a general claim listed in the motion to set aside that referred to the basis for the directed verdict that concerned whether the plaintiff could bring a shareholder derivative action. This claim was again presented at the hearing on the motion for the directed verdict. The trial court was given a "full opportunity" to examine the propriety of bringing a shareholder derivative action. *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 759, 535 A.2d 1292 (1988), quoting *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 515, 441 A.2d 163 (1981).

We conclude that if an appellant files a timely motion to set aside a verdict and the claims of error are presented at the hearing on the motion to set aside the verdict, the appellant will have properly preserved the claim for appellate review. The motion to set aside the verdict does not have to contain every precise claim of error. As long as the issues are presented to the trial court at the hearing on the motion or in a brief submitted in support of the motion to set aside the verdict, the trial court has an opportunity to review the claims before the beginning of the appellate process. Thus, the purpose of the rule will be satisfied.

Maher claims that the plaintiff could not bring a shareholder derivative action on behalf of a dissolved corporation for alleged misconduct that occurred almost two years after the dissolution of the corporation by forfeiture.

Maher focuses on the plaintiff's allegation that the corporation was dissolved by forfeiture on March 5, 1985. He argues that "there is nothing in the trial court record to the effect that after March 5, 1985, the corporate status of [Quality Electrical Contractors, Inc.,] was ever reinstated." He also admitted, however, that Quality Electrical Contractors, Inc., "is a corporation duly organized under the laws of the state . . . ." This admission that the corporation is duly organized under Connecticut law indicates that the corporate status may have been reinstated at the time of this action. Maher has failed to present the trial transcripts as to whether there was any evidence concerning the reinstatement of the corporation. The second count of the plaintiff's complaint does not include an allegation that the corporation was dissolved by forfeiture on March 5, 1985.

Maher's claim that a derivative action is unavailable to a shareholder of a dissolved corporation for actions that occurred after the date of its dissolution cannot be reviewed on the merits because of his failure to provide an adequate appellate record. "We do not decide issues of law in a vacuum. In order to review an alleged error of law that has evidentiary implications, we must have before us the evidence that is the factual predicate for the legal issue that the appellant asks us to consider. It is the responsibility of the appellant to provide us with an appellate record that adequately supports his claim of error. Practice Book § [4061] . . . ." *Taylor* v. *American Thread Co.,* 200 Conn. 108, 110, 509 A.2d 512 (1986).

Maher failed to refer to the record to explain the inconsistency between his claim that the corporation

had been dissolved by forfeiture in 1985 and his admission that the corporation is duly organized under Connecticut law. The only transcripts submitted in this case concern the hearings on the motion for a directed verdict and the motion to set aside the verdict. We note that these transcripts were the only ones requested by Maher from the court reporter. There is no evidence concerning the corporation's status during the time of his alleged misconduct. "Without the appropriate transcripts to provide us a record of what transpired at trial, we cannot, however, find error in the judgment of the trial court." Id., 112.[1]

The judgment is affirmed.

In this opinion the other judges concurred.

_____

[1] Maher has also failed to follow the requirement of Practice Book § 4065 (c) that "[t]he statement of facts . . . shall be supported by appropriate references to the page or pages of the record or transcript upon which the party relies." The violation of this requirement is another reason for declining appellate review of Maher's claim. *Taylor* v. *American Thread Co.,* 200 Conn. 108, 112, 509 A.2d 512 (1986); *McGaffin* v. *Roberts,* 193 Conn. 393, 399 n.6, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985).